J. O. Casby *et al.*, Defendants in Error, *v.* Alonzo Thompson *et. al.*, Plaintiffs in Error.

42 133
84a 666

1. *Collections — Settlement of Accounts — Notice.* — The statute concerning the settlement of claims and accounts by collectors of revenue (Rev. Stat. 1865, p. 87, §§ 16, 19) is sufficient notice to the collector of the authority of the auditor to adjust his (the collector's) accounts and strike a balance, when he fails to exhibit them within the required time.

2. *Auditors — Writs of Prohibition.* — The duties of an auditor in proceeding against defaulting creditors, under such circumstances, are executive and ministerial, and not judicial; and, under the rule laid down in the case of The State *ex rel.* West v. Clark County Court (41 Mo. 44), a writ of prohibition against him will not lie.

3. *Writs of Prohibition — Meaning of phrase as used in the Statute.* — The words "writ of prohibition," occurring in the act concerning injunctions (Gen. Stat. 1865, ch. 167, § 24), are used in the general sense of a restraint by injunction, and not in their technical sense.

4. *Clerk — Authority.* — The clerk of a circuit court, in vacation, has no power to issue a writ of prohibition.

## *Appeal from First District Court.*

*R. F. Wingate,* Attorney-General, for plaintiffs in error.

I. The settlement and adjustment of the accounts of the collectors of the revenue of the State are, by the statute, vested solely in the State Auditor. (Gen. Stat. 1865, p. 87, §§ 16, 17, 18, 19, and pp. 88, 89, §§ 24, 25, 26, 27, and 31.)

II. The Circuit Court had no jurisdiction over the State Auditor in the matter of the settlement of the accounts of the collectors of the State revenue and the issuance of distress warrants for the collection of balances found due by him from collectors. (See sections above cited; also, Const. Mo., art. 5, § 16.)

III. A writ of prohibition can only issue from a superior to an inferior court or tribunal to prohibit the doing of a judicial act over which such inferior court has no jurisdiction, and when such superior court is vested with jurisdiction over the subject of the act. (See Prignitz v. Fisher, 4 Minn. 366; Board of Comm. v. Spitler, 13 Ind. 235; *ex parte* Braudlacht, 2 Hill, 367; 14 La. An. 504; 36 Barb. S. C. R. 341; 9 S. & M. 623; 5 Pike, 21; 16 Eng. L. & Eq. 462; 7 Wend. 518; 7 Eng. 70.)

IV. The issuance of the distress warrants by the auditor were purely and only ministerial acts; and the acts of the respondent, as sheriff, were only executive or ministerial, and not judicial, and a writ of prohibition will not be granted to prohibit the doing of such ministerial or executive acts. (The People *ex rel.* Onderdonk v. Supervisors of Queens county *et al.*, 1 Hill, 195.)

V. The law was notice to the collector of the time when his accounts were to be adjusted; nor does the law make it necessary that the collector should be present when the adjustment is had. It only requires the accounts and vouchers of the collector to be exhibited to the auditor; and if the collector should fail, neglect, or refuse, to exhibit his accounts and vouchers, when required by law, the auditor may proceed to ascertain the amount due without the presence of the collector. (Gen. Stat. p. 87, § 16; 36 Barb. S. C. R. 344; 38 Mo. 300.)

VI. The clerk had no authority to grant and issue the writ of prohibition in vacation, and simply upon filing the petition praying for the same in his office, without being ordered or directed so to do by the judge of his court. (1 Mo. 224; 2 Mo. 747. See form of writ of prohibition, No. 655; Tiff. & S., N. Y. Pr., 515; 3 Toml. Law Dict. 241.

*Adams*, and *Draffin, Hutchison & Muir*, for defendants in error.

I. The circuit court has jurisdiction by prohibition over all inferior tribunals and officers exercising judicial functions. (Com. Dig. title Prohib. A. 2, F. 1, 11; Bac. Abr. title Prohib. T. 1; Const. Mo. art. 6, §§ 1, 21; Thomas v. Mead, 36 Mo. 232; Howard *et al.* v. Pierce, 38 Mo. 296, and cases there cited.)

II. When the auditor of public accounts, in pursuance of the statute, makes a settlement between the State of Missouri and a collector of the revenue, he exercises judicial functions, and in effect pronounces a judgment in striking the balance, upon which judgment he is authorized, where it has been properly and legally found and made, to issue executions, called in the statute "distress warrants." (2 Bl. Com. book 3, p. 25; art. 3 of "An act to establish and regulate the treasury department," R. C. 1855, p. 1542; Gen. Stat. 1865, p. 87, §§ 16, 17, 18.)

III. The summary remedy before the auditor against collectors is a statutory proceeding, and can only be exercised by the auditor when the collector makes his appearance before him to make a settlement. (Gen. Stat. 1865, pp. 87, 88, 89, §§ 16, 17, 18, 26, and R. C. 1855, pp. 1542, 1544, 1545, etc.) If the auditor proceeds, without the presence of the collector and without notice, to make up balances and issue distress warrants, the proceedings are "*coram non judice*," and utterly void. (Caldwell v. Lockridge, 9 Mo. 358 ; Smith v. McCutchen, 38 Mo. 415 ; Durossett's Adm'r v. Hale, 38 Mo. 348 ; Janney v. Spedden, 38 Mo. 395 ; Story's Conf. of Laws, § 539.)

HOLMES, Judge, delivered the opinion of the court.

This appears to have been intended as an application to the Circuit Court of Cooper county for a writ of prohibition to forbid the State Auditor and the sheriff of said county from proceeding to execute certain writs of distress issued by the auditor against Andrew J. Barnes, the former sheriff and *ex-officio* collector of said county for the years 1862 and 1863, and the sureties in his official bond. The petitioners were the sureties. The petition was filed with the clerk in vacation, and the clerk issued a writ of prohibition.

At the next term of the court, the defendants appeared, and moved the court to dismiss the writ. Their motion being overruled, they filed a demurrer to the petition. The demurrer was sustained and the petition dismissed. The petitioners took a writ of error to the First District Court, where the judgment was reversed and the cause remanded, at the costs of the defendants in error, with directions to the Circuit Court to quash the writ and dismiss the petition. The defendants bring the case here from the District Court by writ of error.

It appears that the collector had failed to exhibit his accounts and vouchers to the auditor on or before the first Monday in January; that the auditor thereupon proceeded to adjust the account, and reported to the treasurer the balance found due ; that the collector failed to pay the amount into the treasury within thirty days thereafter, together with two and a half per centum a month on the amount withheld ; and that thereupon the auditor

issued warrants of distress as required by law.   (Gen. Stat. 1865, ch. 10, §§ 16–19, p. 87 ; R. C. 1855, p. 1542.)   These warrants were issued on the 9th of January, 1867.

The petition alleged that the collector had never exhibited his accounts for settlement ; that the account had never been audited, adjusted, and settled, in the manner prescribed by law, and that the auditor had proceeded in the premises without any notice being given to the said collector, and without his knowledge ; that the collector had paid into the treasury all the revenue for which he was liable to account, and that nothing was due from him to the State.   It assumes that the auditor, in issuing the warrants, had acted without the authority of law and contrary to law.

It appears to have been assumed by the petitioners that the auditor had no lawful authority to adjust the account and strike a balance without an exhibition by the collector of his accounts and vouchers for settlement, or without his presence, or without some special notice given to him.   The law itself was sufficient notice for the collector, and he appears to have been in default. No facts are stated in the petition from which it can be seen that the auditor proceeded without the authority of law or contrary to law.

It is not deemed proper, upon this record, to go into a consideration of the questions which have been argued respecting the several remedies provided by statute against defaulting collectors and their securities, or concerning the proper course of proceeding in such cases by the auditor or by the parties interested.   There is nothing in the record to call for a decision upon those matters. The laws themselves would seem to be very explicit.

It will be sufficient to say that, in a case like this, a prohibition will not lie.   The duties of the auditor in this matter were executive and ministerial, and not judicial, in their nature.   This question was considered in the case of The State ex rel. West v. The Clark County Court, 41 Mo. 44, and the principles there laid down may be taken as determining this case.   The auditor was not a court exercising judicial power.

It is beyond all question that the clerk of the Circuit Court in vacation had no power or authority to issue a writ of prohibition. It seems to have been supposed that "the remedy by writ of

injunction or prohibition," which is spoken of in the act concerning injunctions (Gen. Stat. 1865, ch. 167, § 24), refers to a prohibition of this nature. This is evidently a misconception. The word is there used in the general sense of a restraint by injunction, and not in the technical sense of a writ of prohibition. The clerk had no more authority to issue an injunction than a prohibition.

The defendants' motion to dismiss the writ should have been sustained. Without stopping to remark upon the propriety of the action of the court in term in proceeding to entertain the petition upon an appearance and demurrer by the defendants, as if it were then to be treated as a present application for a prohibition, it is enough for all purposes that the demurrer was sustained and the writ refused. We see no good reason why the judgment of the Circuit Court should have been reversed in the District Court at the costs of the defendants. There would have been equal propriety and more justice in an affirmance at the costs of the petitioners.

The judgment of the District Court will therefore be reversed, and the judgment of the Circuit Court affirmed in this court, at the costs of the petitioners, defendants in error here. The other judges concur.