HOFFMAN *v.* INSURANCE COMPANIES.

(*Jackson.*    May 3, 1890.)

1. FIRE INSURANCE. *Construction of policy.*

That construction of an insurance policy will be adopted, where its language is of doubtful import, which is most favorable to the assured, and best secures to him that indemnity against loss which is the sole object of insurance.

(See Insurance Company *v.* Ayers, *ante,* p. 728.)

2. SAME. *Assured's obligation to maintain other insurance existing at date risk is assumed.*

Unless assured contracts, in some manner, with an insurer taking a risk upon his property, to maintain the amount of other insurance then covering the property, he may, at his pleasure, cancel such other insurance without incurring the liability of a co-insurer of the property to the extent of such cancellation.

3. SAME. *Same. Effect of clause apportioning loss.*

An obligation on the part of the assured to maintain the amount of other existing insurance is not to be inferred from his acceptance of a policy providing that the insurer "shall not be liable for any greater proportion of any loss sustained by the assured upon property described than the sum insured by this company bears to the whole sum of the insurance covering on the property, whether other insurance be valid or void, and without reference to the solvency of other companies." This clause refers to risks *existing at date of loss.*

Case cited and approved : 57 N. Y., 41.

4. SAME. *Same. Effect of coincidence in value of property and amount of insurance.*

Nor is such obligation to be inferred from the coincidence of the value of the property insured with the amount of the entire insurance covering it at time such risk was assumed.

5. SAME. *Measure of insurer's liability for loss.*

The measure of an insurer's liability is not limited to one-sixtieth of the *loss* on each item, but to one-sixtieth of the *estimated value* of each item, where the policy, covering several distinct and separate parcels of property of varying estimated values, provides that the insurer will indemnify the assured for any loss or damage, not exceeding amount of policy, "caused by fire to the property, as specifically described and located in said policy, viz. : *Being one-sixtieth part of each item*, as per printed form hereto attached."

6. SAME. *Effect of clause quoted.*

The effect of the clause last quoted is to make the policy a distributable one—*i. e.*, to distribute the insurance proportionately to their respective estimated values over all the items.

(See Insurance Company *v.* Ayers, *ante*, p. 728.)

---

## FROM SHELBY.

Appeal from Chancery Court of Shelby County. B. M. ESTES, Ch.

MILLER & GILHAM for Hoffman.

POSTON & POSTON and H. F. DIX for Insurance Companies.

LURTON, J. Sellers Hoffman obtained fire insurance from each of defendant companies upon his cotton-mills, machinery, and stock, situated in Kelleyville, Penn. A loss by fire has occurred,

and he brings these several suits to recover from each of defendants a proportion of the loss.

The property covered is described in an exhibit attached to each policy, and consists of twenty-one separate and distinct parcels, having extended opposite each item, in figures, a sum, presumably the estimated valuation of each item. The aggregate of these several values is $90,000. The total loss by fire is admitted to be $51,000, and in the state of these pleadings we conclude that this loss was distributed in equal proportions among the several items. In the written part of the policy of the Germania Insurance Company there is found a clause in the following words: "The Germania Insurance Company, of Memphis, Tenn., in consideration of $15 premium paid, and the covenants and conditions of the American Syndicate Policy, to which this certificate is attached, hereby agree to indemnify Sellers Hoffman for any loss or damage, not exceeding the sum of $1,500, caused by fire to the property, as specifically described and located in said policy, viz.: Being one-sixtieth part of each item as per printed form hereto attached." The policies issued by the other defendant companies have same specification of property, and the liability clause is in each identical in effect and meaning with the one set out.

It is agreed that at the time these policies were issued that the insurance upon this property, including defendants' risks, aggregated $90,000, and that before the loss by fire $30,000 of this had

been canceled by the assured without consent of defendants, thus leaving $60,000 of live insurance at time of loss.

The error assigned upon the decree of the Chancellor is "that the Court erred in holding that the defendant was liable under said contract for the loss or damage on more than one-sixtieth part of the property lost or damaged. The policy covered only one-sixtieth of each item. It is liable only for one-sixtieth of the loss."

To support this it has been argued:

*First.*—That Hoffman was bound to maintain insurance to the amount of $90,000, and that his cancellation of $30,000 left him a co-insurer to that extent, and that, as a consequence, the loss ought to be borne in that proportion by himself and the several companies having risks.

*Second.*—That the words quoted from written part of policy, limiting liability to "one-sixtieth part of each item," limits the loss to be borne by defendant, the Germania Insurance Company, to one-sixtieth part of the *loss.*

By the fifth section of the several policies it is provided that "the company shall not be liable for any greater proportion of any loss sustained by the assured upon property described than the sum insured by this company bears to the whole sum of the insurance covering on the property, whether other insurance be valid or not, and without reference to the solvency of other companies." Neither this clause nor any other in either of the policies

contains any engagement requiring the assured to maintain any specific amount of insurance. Neither is there any representation in either policy, nor any shown by proof, that he had any specific amount of insurance. The coincidence between the estimated value of his property and the amount of insurance covering it at date of contract, is by no means sufficient to establish a contract by which the assured can be converted into a co-insurer to the extent that he should allow such insurance to lapse. The rule of law is well settled that under a clause apportioning a loss among the several policies covering the property, the measure of liability of each company will be the ratable proportion with all the companies having risks at the time of the loss, unless there be an express contract that a certain amount of insurance should be kept alive. Wood on Fire Insurance, Sec. 131; *Hand* v. *Insurance Co.*, 57 N. Y., 41.

The clause limiting liability to " one-sixtieth part of each item" was evidently intended to distribute the insurance proportionately over all the items. It is a distributable policy. If the intention had been to limit the liability to one-sixtieth part of the *loss* on each item, it should have been clearly so stated. The object of insurance is indemnity. The construction contended for would lead to the curious result that although Hoffman had sustained a loss of $51,000, and had insurance to the amount of $60,000, yet he would be unable to realize upon this insurance an amount sufficient

to indemnify him. One-sixtieth of the total loss of $51,000 would be only $850, and this is the amount which the Germania Company insists that it is obligated to pay upon a policy of $1,500. The opposite contention would make the proportion of this loss to be paid by the same company $1,275, after prorating the loss with all the other risks upon the property at time of loss. The same rule contended for by defendants, applied to all the other insurance, would result in throwing about twenty-five per cent. of the loss upon the assured, although his loss was much less than the face of his policies.

The extensions opposite the specification of items was clearly intended to show the estimated value of each item. The purpose in separating the insured property into separate items of varying value was to distribute the insurance proportionately upon these several items. The words limiting the liability to " one-sixtieth part of each item " are equivalent to saying that if any one of these items shall be destroyed the company's liability shall not exceed one-sixtieth of the estimated value of such item.

This meaning would not be more plainly expressed if it had stated the liability to be one-sixtieth part of the sum stated opposite each item. Thus, the first item is a stone building designated as "A" on plan, and extended at $10,000. Now, one-sixtieth part of $10,000 is $166.66, and if, instead of saying that the liability should be limited

to "one-sixtieth part of each item," it had stated that the liability upon this stone building should not exceed $166.66, being one-sixtieth of $10,000, the meaning would not be more obvious. If the construction insisted upon by defendants was equally as tenable as the one we have advanced, then, inasmuch as the object of such a contract is indemnity, that construction should be adopted which gives indemnity.

The rule is well settled that if a clause in a policy of insurance be susceptible of two equally reasonable constructions, that construction will be accepted which is most favorable to the assured. May on Ins., Sec. 175.

The decrees of the Chancellor in the several cases were in all respects in conformity to the contract, and must be affirmed with all costs.