THE STATE *ex rel.* ROGERS V. ROMBAUER *et al.,*
  *Judges of St. Louis Court of Appeals.*

|105  103|
| 125  538|
|105  103|
|130  110|
|105  103|
| 66a 295|
|105  103|
| 84a 661|

DIVISION ONE.

1. **Quo Warranto :** JURISDICTION OF SUPREME COURT AND COURTS
OF APPEAL. A *quo warranto* proceeding, involving a constitu-
tional question, to oust one from his membership of the St. Louis
school board is within the final appellate jurisdiction of the
supreme court, and the St. Louis court of appeals is, therefore,
without jurisdiction to entertain or to adjudicate it. (*Affirming*
State ex rel. Blakemore v. Rombauer, 101 Mo. 499.)

2. —— : —— : PROHIBITION. A writ of prohibition will issue
from the supreme court, at the instance of the respondent in
said *quo warranto* proceeding, to prevent the exercise of juris-
diction therein by the judges of the St. Louis court of appeals.

3. —— : —— : ——. Where anything remains to be done to·
carry the judgment of *ouster* of the St. Louis court of appeals
into effect, whereby said respondent therein may be in anywise
prejudiced, prohibition will lie to prevent such action.

4. **Prohibition :** PRELIMINARY RULE IN VACATION. A judge of the
supreme court in vacation may issue a preliminary rule to show
cause to the court why a writ of prohibition should not issue.
(*State ex rel. Macklin v. Rombauer*, 104 Mo. 619.)

5. —— : FORM OF WRIT. Where a writ of prohibition may prop-
erly issue to stop unfinished proceedings whereof the court has
no jurisdiction, it may, if necessary, be so framed as to annul
prior, as well as to stay further, action .therein, when the justice
of the particular case requires it.

*Prohibition.*

PEREMPTORY WRIT AWARDED.

AN application was made by relator, Mr. Rogers, a
member of the school board of St. Louis City, against
the judges of the St. Louis court of appeals, to prohibit
the latter from entertaining jurisdiction of a cause in
*quo warranto,* wherein the state, at the relation of the

circuit attorney of St. Louis, was plaintiff, then pending in that court. The object of the last-named action was to oust Mr. Rogers from his office as a member of that board.

A preliminary rule upon defendants, to show cause, to the supreme court (at its next session) why a writ of prohibition should not be issued, was made by one of the judges of this court during its vacation, and served on defendants; but they proceeded, nevertheless, to hear and determine the cause, and rendered a judgment of ouster from his office against Mr. Rogers. That judgment included, also, a recovery against him of the cost and charges in said cause. A writ to carry the judgment into effect was then issued by the St. Louis court of appeals in which, among other things, the total costs and charges adjudged against the then defendant (relator here) were taxed at $20, and ordered to be made from the goods, chattels and real estate of said defendant.

This writ was returned by the officer to whom it was directed, as having been executed May 14, 1890, "by reading the same to Henry L. Rogers." No step to otherwise enforce the judgment or execution appears to have been taken.

All these matters took place before the return day of the original rule upon the defendants. Shortly afterwards, May 19, 1890, Mr. Rogers obtained in the cause a further rule from the supreme court in term, requiring defendants to show cause why they should not be prohibited from taking jurisdiction of said action.

The return of defendants discloses (among other things) that the issues in the case in the St. Louis court of appeals raised a question of the proper construction of the constitution of this state.

To this return a reply was filed, repeating the history of the proceedings. The cause was then submitted for judgment upon these pleadings.

*F. M. Estes, W. H. Clark* and *T. B. Bashaw* for relator.

BARCLAY, J.—Relator asks a prohibition against the judges of the St. Louis court of appeals in the circumstances shown in the statement of facts accompanying this opinion.

I.   The case in *quo warranto* in that court against the present relator involved, as is now conceded, a construction of the constitution of Missouri in a very important particular.   This appears from the record here, including the published opinion of that court on the demurrer to the information.   *State ex rel. v. Rogers* (1890), 41 Mo. App. 335.   The case belonged within the final appellate jurisdiction of this court.   Consequently, the defendants, as judges of the court of appeals, had no jurisdiction to entertain or adjudicate it.   This was directly ruled, quite lately, in an opinion by our brother BLACK, which received the concurrence of all the members of this court, and to which nothing need now be added.   *State ex rel. Blakemore v. Rombauer* (1890), 101 Mo. 499; 14 S. W. Rep. 72.

The present relator objected, at every stage of the proceedings, before and after judgment, to the jurisdiction of the St. Louis court of appeals in the premises, but without avail.   The defendants proceeded, notwithstanding, to enter the judgment of ouster and for costs against him.

It appears, further, that, when the second rule to show cause was served on defendants herein, the judgment of the court of appeals had not been fully satisfied.   The costs (taxed by the clerk of that court at $20) had not been collected.   As to that part, at least, the judgment was still liable to enforcement against the defendant, now the relator here.

At what exact point in an action, over which jurisdiction has been assumed which does not lawfully exist, it reaches such finality as precludes a stay of proceedings

by writ of prohibition, is a question involved in some uncertainty, in the present state of the law on the subject. This case does not require us to attempt to fix that point with precision. This much, we think, is clear : Where anything yet remains to be done to carry the alleged judgment into effect, whereby the relator's interests may be, in any wise, prejudiced, prohibition will lie to prevent such action. Here that judgment has not been fully executed, and, as it is unauthorized by law ( as shown in *State ex rel. Blakemore v. Rombauer*, above ), we think relator entitled to the writ asked to stay its enforcement. Its scope in this instance we shall attempt to define further on.

II.   But there is another phase of the case that cannot properly be ignored. We have held, after thorough and prolonged consideration, first in one of the divisions, and afterwards by the court *in banc*, that a preliminary rule ( similar to that in the present case) may lawfully be issued by one of the judges of this court in vacation, as the necessary process to initiate a proceeding in prohibition at such a time. We need not now go further into that subject than to refer to the opinion of the court *in banc*, delivered by Judge THOMAS at this term, expressing the views of a majority of our number. *State ex rel. Macklin v. Rombauer* (1891), 104 Mo. 619; 16 S. W. Rep. 502.

Such a rule was served on defendants before they entered the judgment purporting to oust this relator from his office. What force or validity, then, did that judgment possess in the circumstances?

We are not dealing now with the question of the propriety of the course which defendants saw fit to follow, in disregard of that rule, but merely with the effect of that course upon relator's rights. He certainly had taken every available means to protest against the exercise of jurisdiction by defendants over his case. Besides, the defect of jurisdictional power was manifest on the face of the record. We do not mean that it was then

manifest to defendants, for we do not for a moment doubt that they proceeded, from the beginning, with the most correct intentions, and in the line which seemed to them the proper one for the discharge of their official duty. But we mean that it is manifest now to all, in view of the exposition of the constitution given in *State ex rel. Blakemore v. Rombauer* (1890), 101 Mo. 499, which had not been decided at the date of the proceedings under review. Defendants probably entertained a different opinion of their constitutional powers from those expressed in the decision just mentioned. But orderly and effective administration of law requires that some tribunal shall be vested with final authority to determine such questions; and, as the supreme court is the present repository of that authority in this state, its construction of the constitution is, of course, obligatory upon judges no less than upon all other citizens.

The record in the original action must, therefore, be now regarded as disclosing a total want of jurisdiction to adjudicate it. In such a state of the case it would probably be of little practical advantage to discuss any of the mooted rules of law governing this subject, when unquestioned principles, of controlling force (though of somewhat rare application), point plainly to a just and clear conclusion herein.

The range of efficiency of the writ of prohibition is, in some circumstances, quite broad. Where it may properly issue to stop unfinished proceedings whereof the court (in which the cause is pending) has no jurisdiction, it may sometimes be so framed as to annul prior, as well as stay further action therein, when the justice of the particular case requires it.

The writ was not regarded at common law as a matter of mere form, but was considered possessed of sufficient vitality and power to meet exigencies of the cases requiring its application. It was never supposed that a tribunal, without lawful power to act at all, might (upon objection made to its jurisdiction) remove the

possibility of all scrutiny of its actions, by mere celerity in using the machinery of the law.

At the common law, so long, at least, as anything remained to be done to carry a judgment into effect, a writ of prohibition might go, and, when it went, it took on such a form as the difficulties it was designed to meet demanded.

Fitzherbert declared that "after judgment given and execution awarded in the county, or in other court baron, which hath not power to hold plea of debt of the sum of forty shillings, etc., or of damages in trespass amounting to such sum or more, the party defendant shall have a writ of prohibition unto the bailiffs, or unto the sheriff or officer of the court, that they do not execution; and, if they have distrained the party to make satisfaction, that then they release the distress, and that they revoke what they have done therein." Natura Brevium 46 ( a ).

The same idea has found abundant expression in other common-law authorities and in this country. Lloyd on Prohibition, 67; *Jones v. Owen* ( 1848 ), 18 Law Jour. ( Q. B.) 8; *Marsden v. Wardley* ( 1854), 3 El. & B. 695; *White v. Steele* (1862), 12 J. Scott (N. S.) 412 ( C. B.); Harris' Entries, p. 450; *State ex rel. v. St. Louis Court of Appeals* (1889 ), 97 Mo. 283.

This feature of procedure in prohibition is no departure from the general principles governing remedies under the English system of law.

In chancery it has been universally recognized that, when the court obtained jurisdiction of a controversy, it would proceed to do complete justice therein, though part of the remedy afforded might be of such a nature ( for example the adjustment of damages ) as ordinarily would require a hearing in a court of law.

So in appellate practice to-day, a writ of restitution to restore appellant to what he may have lost by reason

The State ex rel. Rogers v. Rombauer.

of an erroneous judgment is properly issuable as a part of the mandate to a trial court, reversing its judgment.

The use of the writ of prohibition in Missouri is governed by common-law principles, as we have no statute regulating procedure upon it. In molding the practice in such cases, the supreme court has undoubted power to direct the form of the writ or process, "not being contrary to, nor inconsistent with, the laws in force for the time being" (R. S. 1889, sec. 3278), as well as a general authority to proceed "according to the principles and usages of law." R. S. 1889, sec. 3243.

In every aspect of the present case, we regard the supposed judgment of ouster as in excess of the jurisdiction of the court of appeals, and consider that its effect upon the right and title of relator to his office may properly be removed as incident to prohibiting any effort hereafter to enforce it.

We think it just, and in accord with established principles, to now order the issue of a writ of prohibition to the defendants, requiring them to refrain from any further proceedings toward the enforcement of so much of the alleged judgment in the St. Louis court of appeals in the case of State *ex rel.* Clover *v.* Henry L. Rogers as is yet unexecuted; to recall and quash the execution purporting to oust the relator, Mr. Rogers, from his office, and thereupon take cognizance of said cause no further (except to make any necessary order to take it from the docket); and that they make return of such action as may be had by them, pursuant to the above order, to this court within the first three days of its next term (in October, 1891). All the judges of this division concur.