JAMES D. GRAHAM, Relator, v. GRANT CONWAY et al., Respondents.

**Kansas City Court of Appeals, February 5, 1900.**

1. **Prohibition: APPEAL: SUPERSEDEAS: CONTEMPT.** An appeal from the judgment of the circuit court dissolving a temporary order of prohibition against the execution of a justice's judgment will not operate as a supersedeas so as to prevent the execution of the justice's judgment pending the appeal and authorize the appellate court to punish for contempt the officers and parties enforcing the justice's judgment.

*Original Proceeding in Contempt.*

DISMISSED.

*T. H. Ensor* for relator.

(1)    An appeal of a proceeding in prohibition, under the statute of 1895, page 95, carries the entire case with all its orders, rules and judgments to the appellate court for review. An appeal is a continuation of the same case and transfers the entire case to the appellate court without any power of the trial court over the matter except such orders as are necessary to complete its records.    State ex rel. v. Lewis, 76 Mo. 370; State ex rel. v. Campbell, 25 Mo. App. 635; Macklin v. Allen-

berg, 100 Mo. 337; Neiser v. Thomas, 46 Mo. App. 47.    (2)
The court to which a case is appealed is the one of which the
parties are in contempt.    State ex rel. v. Campbell, 25 Mo.
App. 635.    Notwithstanding the law of this state at one time
was settled, that an appeal did not keep in force a temporary
injunction pending the appeal, yet the legislative act of 1891,
page 70, authorized an appeal from the order dissolving an in-
junction.    If the order made by Judge Burnes is to be con-
sidered as coming within the injunction law, the statute of
1891 would keep it in force pending the appeal.    But this case
was brought under the laws of 1895, page 95, which act
itself authorizes an appeal and is authority to keep the restrain-
ing part of the alternative writ in force pending the appeal.
Session Laws of Mo. 1891, page 70; Session Laws of Mo. 1895,
page 95.

*David Rea* and *J. A. Sanders* for respondent.

(1)    There can be no contempt on the part of defendants
or either of them for what they did, unless there was some
order of a court having jurisdiction in force at the time,
restraining them from doing what they did.    This proposition
must be conceded.    (2)    There was no prohibition or restrain-
ing order in force at the time defendants did the things com-
plained of by plaintiff in his petition.    The order made by
Judge Burnes on the 8th day of May, A. D. 1899, was no
longer in force after the hearing and final judgment in the
circuit court in the case.    (3)    An appeal from a judgment
dissolving a temporary injunction does not revive or keep the
temporary restraining order in force, even if the appeal is ac-
companied by a supersedeas bond.    Leonard v. Ozark, 115 U.
S. 465; Teasdale v. Jones, 40 Mo. App. 243; Neiser v.
Thomas, 46 Mo. App. 47; Busch v. Dillon, 96 Mo. 56; Wood
v. Dwight, 7 Johnson Ch. 295; Doughty v. Railroad, 7 N. J.
Eq. 629.

ELLISON, J.—This proceeding is an application for a writ of attachment against the defendants for contempt. The defendant Conway is a justice of the peace before whom the defendant James Graham as plaintiff commenced a suit of forcible entry and detainer against this plaintiff James D. Graham as defendant and the defendant Daniels is the constable of the township where the action was brought.

Defendant James Graham prosecuted his suit to judgment before defendant Conway, and on a writ of possession being issued the plaintiff here (James D. Graham) applied to Hon. A. D. Burnes, Judge of the fifth judicial circuit, at chambers, in vacation, for a writ of prohibition, prohibiting these defendants from proceeding with a further prosecution of said cause. The judge, on an *ex parte* hearing issued a temporary order, stopping any further proceeding until some further order by the court in term time, and directed that said defendants appear at the succeeding term of the Andrew county circuit court and show cause why said order should not be made final and perpetual.

The cause was heard at such succeeding term, the temporary order of prohibition was dissolved and the application dismissed. Plaintiff here (defendant in the case before the justice) appealed from this judgment of the circuit court to this court, where the appeal is now pending. After the circuit court dissolved the temporary order and dismissed the application, these defendants proceeded with a prosecution of their effort under the writ of possession to put defendant Graham into possession under his judgment aforesaid, and did so put him into possession. Plaintiff, as defendant in the suit before the justice, then began this proceeding, in this court, to have defendants attached for contempt.

The question presented is, whether the plaintiff's appeal from the judgment of the circuit court dissolving the temporary order and dismissing the application, operates to con-

tinue the temporary order in force during the pendency of the appeal.

The legislature, by an enactment found in Laws 1895, page 95, made some regulations in reference to the procedure in prohibition. Among other things, an appeal was provided for by section 8, in the following words: "Any final judgment in prohibition shall be reviewable by motions for new trial and in arrest, and by appeal, as in other civil actions; but in the case of an appeal from the judgment of any circuit or common pleas court imposing a prohibition, the appeal shall not operate to discontinue or in any wise affect the force of the judgment as a stay of the proceedings in question, until such appeal be determined."

From this statute it appears clearly enough that an appeal from a judgment granting a prohibition will not have the effect to suspend or supersede such judgment pending the appeal. So, it is equally clear that if a proceeding for prohibition was begun in court in the first instance, instead of at chambers, an appeal from a refusal to grant the application would not, of course, have the effect of bringing a writ into existence and staying the proceedings sought to be prohibited, pending the appeal. It is thus seen that an appeal has no effect, one way or the other. The judgment of the circuit court, whether it grants or refuses the writ, remains unaffected, while the appeal is pending, as though none had been taken.

The only difference between the instances just stated and the case under consideration is, that here a temporary order was made at chambers on the *ex parte* showing of the plaintiff, prohibiting defendants from further acts until the matter could be heard at court. Now if an appeal from the judgment annulling the temporary order and dismissing the application is allowed to keep the temporary order in force until the end of the appeal, it would make a temporary order issued in vacation, upon an *ex parte* showing, more effective than a final order on

a full hearing in term time. It would offer a premium on *ex parte* applications. It was not intended that such unusual result should follow the right of appeal.

The temporary order was not a granting of the writ. It was a mere protection to the applicant until the court could, in regular order, determine whether the writ should issue and when the court refused the writ the office of the temporary order was at an end. The appeal did not affect such order and was not taken from the order dissolving it, but was taken from the refusal of the court to issue the writ.

The question here was before the supreme court of Kentucky and the decision was as we have ruled. Gibbs v. Board, etc., 95 Ky. 471.

Similar questions in relation to injunctions (where unaffected by a statute) have been before the courts, and what is said in such cases is of force here. In Wood v. Dwight, 7 John. Ch. 296, is was stated:

" * * * If the injunction could be revived by the mere act of the party in filing an appeal, it would be giving to him not only a power of control over the orders of the court, but of creating an injunction. The supreme court of this state in Hoyt v. Gelston (13 Johns. Rep. 139), held, that an injunction was not revived by an appeal, so as to operate as a stay of proceedings at law; and the supreme court of the United States in Young v. Grundy (6 Cranch, 51), held, that no appeal would even lie upon an interlocutory order dissolving an injunction. Whether an appeal can be sustained, is a question for the court of errors; but supposing it can be sustained, it is impossible that a process that is duly discharged, and *functus officio*, can be revived by the mere act of the party. How could this court undertake to enforce the process, and punish contempts of it in the very face of the order dissolving it? When a process is once discharged and dead, it is gone forever; and it never can be revived, but by a new exertion of judicial power. It is sufficient, in this case, to declare, that

the defendant is entitled to pursue his remedy at law, equally as if no injunction had issued." To the same effect see Teasdale v. Jones, 40 Mo. App. 243; Busch v. Dillon, 96 Mo. 56; Leonard v. Ozark, 115 U. S. 465; Hovey v. McDonald, 109 U. S. 150.

It results from the foregoing views that defendants are not, and have not been, guilty of contempt and that plaintiff's application should be dismissed. The other judges concur.