HENRY OSTMANN, Appellant, v. MAX J. FREY et al., Respondents.

St Louis Court of Appeals, May 3, 1910.

1. **PROHIBITION: Parties: State not Necessary Party.** Under section 4450, Revised Statutes 1899, providing that proceedings for prohibition shall be by civil action in which the moving party is plaintiff and the adverse party defendant, the state is not a necessary party.

2. **APPEALS: Prohibition: Denial of Writ: Appealable Order.** Under section 4455, Revised Statutes 1899, declaring any final judgment in prohibition reviewable by appeal, an appeal lies from a final judgment on the merits, authorized by section 4454, denying the writ, although no preliminary rule was awarded.

3. **PROHIBITION: Functions of Writ.** The writ of prohibition goes only from a superior court to an inferior tribunal to the

end of preventing or staying judicial proceedings without or in excess of the jurisdiction of such inferior tribunal, and it will not lie to prevent the execution of a mere ministerial act by a ministerial officer, and as a general rule will not go against judicial officers in performing mere ministerial duties.

4. ———: Constables Levying Execution Ministerial Act. A constable is a ministerial officer and the act of levying an execution in his hands is ministerial, and prohibition will not lie to prevent his doing so.

5. ———: Justices' Courts: Issuance of Execution: Judicial Act. The issuance of an execution by a justice of the peace is a judicial and not a ministerial act, and prohibition is available to prevent him from issuing the writ if it appears he is proceeding without or in excess of his jurisdiction.

6. ———: To Prevent Proceedings in Lower Court, After Appeal. As a general rule, prohibition is available to prevent further proceedings in execution of the judgment of an inferior tribunal when that judgment has been superseded by a proper appeal and appeal bond.

7. ———: Judicial Power of Inferior Tribunal Exhausted. Prohibition will not lie against a court of inferior jurisdiction, such as a justice's court, where it appears such court was possessed of complete jurisdiction in the first instance and has exhausted its judicial power in the premises, for in such case there is nothing of a judicial character upon which the prohibition can operate.

8. COURTS: Of General Jurisdiction: Power to Quash Writs. A court of either general or superior jurisdiction has authority to withdraw and quash writs which have been issued as a result of a judgment theretofore given.

9. JUSTICES' COURTS: Powers: Quashing Writs. A justice of the peace has no power to either recall or quash an execution issued by him.

10. PROHIBITION: Preventive Remedy. Prohibition is a preventive, rather than a corrective, remedy, and issues only to prevent the commission of a future act and not for the purpose of undoing an act already performed.

11. ———: Justices' Courts: Preventing Enforcement of Execution. Where, after an appeal had been taken from a judgment rendered by a justice of the peace, he issued an execution, prohibition would not lie to correct his error, his judicial power having been exhausted by issuing the execution.

Appeal from St. Charles Circuit Court,—*Hon. Jas. D. Barnett*, Judge.

AFFIRMED.

*Wm. H. Clopton* for appellant.

(1)  After the affidavit for an appeal was made and the appeal bond approved by Justice Frey, his jurisdiction over the case ceased.  Ostmann had done all the law required him to do.  If the learned prosecuting attorney of St. Charles county desired an affirmance of the judgment he could have presented a copy of the record below and asked for an affirmance.  The statutes of the State provide no means whereby Ostmann could have obtained relief.  Certiorari would not help him. Moore v. Ruby, 8 Mo. App. 156; Breen v. Welz, 4 Mo. 250; State ex rel. v. Raum, 3 Mo. App. 580.  (2) The State has provided by positive law against the wrong complained of.  By section 4448, R. S. 1899, it is provided that the remedy afforded by the writ of prohibition shall be granted to prevent the usurpation of judicial power, and in all cases where the same is now applicable according to the principles of law.  The appeal ousted Justice Frey of jurisdiction over the case. Where an appeal bond is deposited with a justice of the peace in time the fact that the justice fails to perform his duty is not the fault of the applicant and will not invalidate his appeal.  Distilling Co. v. Kermis, 79 Mo. App. 111; Rowe v. Schultz, 74 Mo. App. 602.  (3) The delivery of his affidavit and bond to Justice Frey was a filing of those papers for all the purposes of the law. Anderson's Dictionary of Law, 459; Callin v. Kamman, 55 Mo. App. 465, and cases cited.

*Theodore C. Bruere* for respondents.

(1)  The record discloses that appellant never filed an appeal bond in conformity to section 2438, R. S. of Mo. 1899.  And therefore no appeal was taken.  (2) The giving of the peace bond by appellant under the pro-

visions of section 2430, R. S. of Mo. 1899, estops him from maintaining this action. (3) The fee bill by lapse of time is dead, the return day having long expired, and any restraining or prohibitory order made would be without beneficial results. (4) The plaintiff had an adequate remedy at law if the justice refused to grant an appeal. His remedy was by rule and attachment from the circuit court. Railroad v. Franks, 55 Mo. 325; sec. 4065, R. S. 1899. (5) Prohibition will not lie against a ministerial officer or constable. (6) Prohibition will not lie to restrain a ministerial act such as issuing an execution. State ex rel. v. Clark Co., 41 Mo. 50; Casby v. Thompson, 42 Mo. 133; Hockaday v. Newsom, 48 Mo. 196. (7) If the judgment of the justice is void as contended for by appellant, then appellant is not entitled to resort to equity to enjoin the execution of a void judgment. Strauss v. Simpson, 74 Mo. App. 230; Railroad v. Lowder, 138 Mo. 533. (8) Appellant never has perfected an appeal from the judgment of the justice and is not entitled to equitable relief.

NORTONI, J.—This is an application for a prohibition which originated in the circuit court. Upon filing the petition, summons was duly issued and served on defendants who appeared in due time and filed their answer. The issues having been thus made up, after hearing the evidence on behalf of both parties, the court denied the writ, dismissed the petition and entered judgment accordingly. From this judgment the plaintiff prosecutes the appeal. The rule formerly obtained in this State as at common law, to the effect that though an appeal was a proper remedy on behalf of the respondent when the circuit court had awarded a prohibition, none was allowable at the suit of the relator when the writ was denied. In cases where the mover had applied to the circuit court for a writ of prohibition and his application in that behalf had been denied, it was ruled

that no appeal would lie on the part of the relator for
the reason such refusal was not a final judgment oper-
ating to estop him from applying to a superior court for
an original writ as though no application had been there-
tofore made.  The reasoning in support of that doctrine
is that the writ of prohibition is unlike the writ of *habeas
corpus* and not to go as a matter of right but instead
is discretionary with the court to whom the application
is made.  It was held at an early date by the court of
King's Bench that a writ of error would not lie upon
the refusal of a prohibition, it not being regarded as a
final judgment between the parties.  [Bishop of St.
David v. Lucy, Ld. Raym, 539.]

The doctrine of this case has been extended in many
of the American courts with respect to the statutory rem-
edy of appeal.  Among the jurisdictions which adhered
thereto was that of Missouri, and it has heretofore been
decided on the grounds stated by both this court and the
Kansas City Court of Appeals that, notwithstanding our
general statute allowing appeals to the party aggrieved,
no appeal would lie from an order of the circuit court
refusing to award a prohibition.  See State ex rel. Grif-
fith v. Bowerman, 40 Mo. App. 576; State ex rel. Smith
v. Levens, 32 Mo. App. 520; see also High, Extraordi-
nary Remedies, sec. 794; 16 Ency. Pl. and Pr. 1143, 1144.
But this doctrine no longer obtains with us as appears
from a recent statute on the subject.

In 1895, the Legislature contributed an article con-
sisting of nine sections of statutory law touching the
matter of prohibition.  The sections 4448, 4449, 4450,
4451, 4452, 4453, 4454, 4455, 4456, R. S. 1899.
4448, 4449, 4450, 4451, 4452, 4453, 4454, 4455,
4456, Ann. St. 1906. Section 4450 provides that proceed-
ings for prohibition shall be by civil action in which the
moving party is plaintiff and the adverse party defend-
ant and shall otherwise conform as nearly as practicable
to the code of civil practice, except as otherwise provided
in the article. This statute dispenses with the idea that

the state is a necessary party to such proceedings. [State ex rel. v. Hirzel, 137 Mo. 435, 37 S. W. 921, 38 S. W. 961.]

Section 4451, after authorizing applications for this writ to be made by petition to the proper court, says that the petition may be heard in the first instance summarily or on notice to the adverse party, as the court may order.

Section 4452 provides the defendant may demur to the petition or make return to the preliminary order. When the return is made, the plaintiff may plead thereto.

Section 4453, in so far as applicable to proceedings in the circuit court, says the cause shall be heard as soon as practicable after the issues are joined and shall be triable in the same manner as other civil cases.

Section 4454 relates to the judgment the court is authorized to give in such proceedings. Among other things, it provides upon a hearing the court may render final judgment on the merits and for the costs as the facts may warrant and that such judgment is enforceable in like manner as other judgments in civil actions.

Section 4455 relates to motions for a new trial and in arrest of judgment and authorizes an appeal from the judgment contemplated in section 4454. Section 4455 is as follows:

"Any final judgment in prohibition shall be reviewable by motions for new trial and in arrest, and by appeal, as in other civil actions; but in the case of an appeal from the judgment of any circuit or common pleas court imposing a prohibition, the appeal shall not operate to discontinue or in anywise affect the force of the judgment as a stay of the proceedings in question, until such appeal be determined."

It appears the present proceeding was instituted under these statutes. Plaintiff filed his petition for a prohibition in the circuit court in term time and the court, upon inspecting the same, entered its order of rec-

ord directing a summons to be issued and served in due form upon the defendants. This summons was returnable to a subsequent term of the court, to which plaintiff's application for a prohibition was continued. No preliminary order in prohibition was issued. The summons having been duly served, defendants appeared and answered the petition by a general denial. By this pleading, an issue was made as to the truth of the facts relied upon in the petition for the prohibition. On the issue of fact thus made, as to whether or not a prohibition should be awarded, the court heard the witnesses pro and con at great length. Indeed, the issue was framed and tried as in an ordinary suit at law and exceptions were duly saved throughout. After hearing all the evidence for both parties, the court denied the writ and dismissed the plaintiff's petition as though the facts were found for defendants. Motions for new trial and in arrest of judgment were duly saved and are preserved in the bill of exceptions together with an exception to the action of the court in overruling the same. A judgment, denying the writ, dismissing the bill, taxing the costs against the plaintiff and ordering execution therefor was duly entered and appears in the transcript here.

In this state of the record there can be no doubt that an appeal may be prosecuted under the statute above quoted, section 4455, from the judgment even though no preliminary rule in prohibition was ever awarded. Whatever may have been the rule as to this matter, prior to the statutes above referred to, those statutes certainly contemplated a final judgment between the parties in a proceeding of this character and authorize an appeal therefrom. Indeed, where the issue is made up and tried in the circuit court, as was done in this case, section 4454, in express terms, authorizes the court to "render final judgment on the merits and for the costs as the facts may warrant . . . and such judgments may further be enforced in like manner as other judgments in civil actions."

It is clear that this judgment is a final judgment in prohibition, reviewable by appeal within the meaning of section 4455. We believe the Kansas City Court of Appeals entertains the same view on the subject as it has recently entertained an appeal by the mover in a case where the circuit court, by its judgment, denied the writ on final hearing. It is true this feature of the question was not discussed in that case but everything said in the opinion indicates that court entertained no doubt whatever as to the right of the plaintiff to prosecute an appeal under the statutes from a judgment of the trial court denying the prohibition, notwithstanding such is a discretionary writ. [Graham v. Conway, 82 Mo. App. 647.]

A prohibition is sought against the defendant Frey, a justice of the peace, and the defendant Meyer, a constable. It appears the plaintiff had been convicted under sections 2429 and 2430, Revised Statutes 1899 in the court of Frey, the justice of the peace, on a charge of having threatened to do bodily harm to one Schafer and required to give a peace bond as contemplated by those statutes. Afterwards, Frey, the justice, issued an execution for costs against the defendant in that action, the plaintiff here, and delivered the same to defendant Meyer, the constable. Meyer proceeded to levy upon property belonging to the present plaintiff, who was defendant in the execution, to the end of satisfying the cost bill, whereupon the defendant in the execution instituted this proceeding for a prohibition against both officers on the theory that he had perfected an appeal from the judgment against him in the justice of the peace court and the subsequent issue and levy of the execution were therefore unauthorized.

It is argued first the writ of prohibition will not go against a justice of the peace to prevent the issuance of an execution for the reason that such is a ministerial act. There can be no doubt the writ of prohibition goes only from a superior court to an inferior tribunal to the

end of preventing or staying judicial proceedings without or in excess of the jurisdiction of such inferior tribunal. [High, Ex. Rem. (3 Ed.), secs. 762, 763; 23 Am. and Eng. Ency. Law (2 Ed.), 197, 198, 199, 200; State ex rel. v. Elkin, 130 Mo. 90, 30 S. W. 333, 31 S. W. 1037; State ex rel. Rogers v. Rombauer, 105 Mo. 103, 16 S. W. 695; State ex rel. v. Hirzel, 137 Mo. 435, 37 S. W. 921, 38 S. W. 961.]

It is therefore clear, as has been many times decided, that a prohibition will not lie to prevent the execution of a mere ministerial act by a ministerial officer and as a general rule the writ will not go against judicial officers in performing mere ministerial duties. [State ex rel. v. Clark Co., 41 Mo. 44; Casby v. Thompson, 42 Mo. 133; Vitt v. Owens, 42 Mo. 512; Hockaday v. Newsom, 48 Mo. 196; School District v. Burris, 84 Mo. App. 654; 23 Am. and Eng. Ency. Law (2 Ed.), 206; High, Ex. Rem. (3 Ed.), sec. 782.] As a general rule a writ of prohibition is not available to the end of preventing the issuance of an execution, such being regarded as a ministerial act only. It seems this doctrine generally obtains, although it is not the law in this State, as we understand it. [23 Am. and Eng. Ency. Law (2 Ed.), 224; High, Ex. Rem. (3 Ed.), sec. 782; Atkins v. Siddons, 66 Ala. 453; Ex parte Braudlacht, 2 Hill (N. Y.) 367, 38 Am. Dec. 593.]

The defendant constable, of course, is a ministerial officer and no one can doubt that the act of levying the execution in his hands is purely ministerial in character; therefore, if the rule obtained with us, as above indicated as to the act of the justice in issuing an execution being ministerial, such would be conclusive of the whole proceeding. On any view, there are no grounds for prohibition against the constable Meyer.

But, as to the act of the justice of the peace in issuing the execution, we are concluded by a judgment of the Supreme Court squarely in point. In Wertheimer v. Howard, 30 Mo. 420, the question was made as to

the character of the act of a justice of the peace in issuing an execution under our statutes, and the Supreme Court decided that in so doing the justice acted in a judicial capacity and not ministerially. This being true the writ of prohibition is of course available to prevent the justice from issuing the writ if it appears from any cause that he is proceeding without or in excess of his jurisdiction in the premises. There can be no doubt that the justice of the peace had full and complete jurisdiction of the cause against Ostmann in the proceeding in which he was required to give the peace bond. But plaintiff insists that he perfected an appeal from that judgment in the circuit court immediately and that such appeal operates as a supersedeas of the judgment of the justice against him for costs. For these reasons, it is said the justice was wholly without jurisdiction to issue the execution as his power in the premises had been completely divested by virtue of the appeal to the circuit court. It is clear the writ of prohibition is, as a general rule, available to prevent further proceedings in execution of the judgment of an inferior tribunal after that judgment has been superseded by a proper appeal and a bond given to that effect. Such is a familiar instance of excess of jurisdiction restrained by prohibition.

The proceedings against which the rule in prohibition goes in such circumstances are usually pending in inferior courts possessed of general jurisdiction or of plenary powers in the premises. In other words, the prohibition is awarded in such circumstances against courts which have some inherent power to the end of recalling or quashing process issued on their judgments. [State ex rel. v. Hirzel, 137 Mo. 435, 37 S. W. 921, 38 S. W. 961; State ex rel. v. Lewis, 76 Mo. 370; 23 Am. and Eng. Ency. Law (2 Ed.), 220; High, Ex. Leg. Rem. 789.] The doctrine with respect to such courts is that where any act is being put forward in execution of the judgment and is not fully completed,

the writ of prohibition is available to prevent such unwarranted exercise of power. Where anything remains to be done towards carrying the judgment into effect and there is judicial power lodged in the inferior court to further act in the premises, it is competent to award a prohibition if it appear the proceeding has been superseded by appeal or otherwise exceeds the authority of the court. In other words, even though a judgment has been rendered, prohibition will lie to prevent its execution if there remains, after such judgment, a vestige of judicial power upon which the prohibition may operate. That is to say, if the court against which the prohibition is directed is possessed of the power to recall its order or quash its writ issued on the judgment, then a prohibition may go in a proper case to the end of preventing further proceedings thereon. [State ex rel. Rogers v. Rombauer, 105 Mo. 103, 16 S. W. 695; State ex rel. Ellis v. Elkin, 130 Mo. 90, 30 S. W. 333, 31 S. W. 1037; 23 Am. and Eng. Ency. Law (2 Ed.), 204, 205; High, Ex. Leg. Rem. (3 Ed.), sec. 766.]

But this doctrine is without influence if the prohibition is directed against a court of inferior and limited jurisdiction such as that of a justice of the peace when it appears such court was possessed of complete jurisdiction in the first instance and has exhausted its judicial power in the premises, for in such circumstances, there is nothing of a judicial character upon which the prohibition may operate. The court of a justice of the peace is not only an inferior tribunal but its jurisdiction is limited within the precise terms of the statute and in this respect it is dissimilar to a court of general or superior jurisdiction which is possessed of certain inherent powers. Among the inherent powers of a court of either general or superior jurisdiction are those which afford it competent authority to withdraw and quash writs which have been issued as a result of its judgment theretofore given. So it is, judicial power continues to reside in such courts over outstanding writs and

orders to the end of recalling and quashing them if necessary. It is upon this power the writ of prohibition operates when awarded against those courts by a superior tribunal to the end of preventing the further execution of a judgment theretofore given. The case of State ex rel. Rogers v. Rombauer, 105 Mo. 103, 16 S. W. 695, portrays a striking illustration of the doctrine referred to.

While this doctrine obtains with respect to the courts above mentioned, it is entirely clear that it has no application to a court of inferior and limited jurisdiction which has totally exhausted its judicial power in the premises before the prohibition is awarded. This is true for the reason that if such inferior tribunal is possessed of no further power to proceed judicially, then there is nothing judicial upon which the writ of prohibition may operate. The court of the justice of the peace, as before stated, is a tribunal of limited jurisdiction and can exercise such powers only as are conferred upon it by the statute. We have been unable to discover any statutory provision authorizing the justice of the peace court to recall or quash an execution once issued on its judgment. That such court may not either recall or quash an execution issued by it has been expressly decided. Indeed, upon issuing the writ, the power of the justice is entirely exhausted except for the purpose of thereafter renewing it under the statute. [Brownfield v. Thompson, 96 Mo. App. 340.] It appears in this case the justice of the peace exhausted his judicial power in the matter when he performed the function of issuing the execution and delivering it to the constable for service. After coming into the hands of the constable, the writ was levied on personal property and an execution sale advertised thereunder. In these circumstances, the writ of prohibition is not available against the justice of the peace for the reason there no longer remained judicial power in him over the writ in question. It is clear that if the justice of the peace is wholly

without authority to withdraw or quash the writ, then none can be conferred upon him by this or any other court in awarding its prohibition. In other words, though as said in State ex rel. v. Rombauer, supra, a superior court may so mold and formulate its judgment in prohibition as to require an inferior tribunal possessing sufficient judicial power to that end to recall and quash its execution, it cannot require as much with respect to an inferior tribunal which possesses no such power in the first instance. Though a prohibition may lie to prevent the justice from issuing the execution, as this is said to be a judicial act on his part, it will not go beyond this unless it appears the justice was vested with judicial power over the writ to recall or quash it and it appears he has no such power.

It is the rule that prohibition is a preventive rather than a corrective remedy and issues only to prevent the commission of a future act instead of for the purpose of undoing an act already performed. [State ex rel. v. Ryan, 180 Mo. 32, 79 S. W. 429; State ex rel. v. Burckhartt, 87 Mo. 533, 539; High, Ex. Leg. Rem. (3 Ed.), sec. 766.]

It appearing the judicial power of the justice was exhausted by issuing the execution prior to this application for a prohibition against it and that he retains none over the subject-matter, a prohibition is not available merely to correct his error. So much of the judicial power of the justice as was competent to invoke the operation of a prohibition was exhausted and the act performed prior to this application. It was therefore properly denied. The judgment should be affirmed. It is so ordered. All concur.