ELLA M. PICKEL, Appellant, v. WILLIAM PICKEL et al., Respondents.

St. Louis Court of Appeals, July 16, 1913.

SUPREME COURT: Main Case Appealable to Supreme Court: Jurisdiction of Appeal from Special Order. Where the Supreme Court possesses appellate jurisdiction of a case, and an appeal from a special order made therein is prosecuted to the Supreme Court, the Court of Appeals has no jurisdiction of an appeal from another special order made therein, and such appeal will be transferred to the Supreme Court, pursuant to Sec. 3938, R. S. 1909.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher*, Judge.

TRANSFERRED TO SUPREME COURT.

*Randolph Laughlin* for appellant.

*Barclay, Fauntleroy, Cullen & Orthwein* for respondents.

NORTONI, J.—This appeal is from a restraining order issued by the trial court against plaintiff, who had prevailed in the suit.

It appears plaintiff sued her husband under the statute for maintenance, and recovered. By its judgment, the trial court awarded her $100 a month, to be paid by her husband in installments, for the support of herself and minor child. To evade the payment of the maintenance so decreed, plaintiff's husband, Frederick Pickel, fraudulently transferred his property to his father, William Pickel. Thereafter, plaintiff instituted this suit, to the end of setting aside such fraudulent conveyance of property and to sequester the same, to compensate her judgment for maintenance. She prevailed at the trial and defendants prosecuted an appeal to the Supreme Court for the reason that tribunal alone had jurisdiction of the cause, the amount in dispute exceeding by far the appellate jurisdiction of this court.

The Supreme Court reversed the judgment on that appeal, modified it in part and as so modified affirmed it. [See Pickel v. Pickel, 243 Mo. 641, 147 S. W. 1059.] But upon the mandate being lodged in the circuit court, further proceedings were had there, at the conclusion of which plaintiff perfected an appeal to the Supreme Court. At the time plaintiff perfected her appeal to the Supreme Court, the circuit court modified its decree by setting aside an injunction theretofore issued in favor of plaintiff and approved a bond tendered by defendants conditioned to compensate any claim which plaintiff might establish in her suit. It was because of this modification in the decree and the approval of the bond that plaintiff prosecuted her appeal to the Supreme Court. That appeal has been recently adjudicated but is yet unreported. [See Pickel v. Pickel, —— Mo. ——, —— S. W. —— (decided April Term, 1913).] At the same time the court set aside the restraining order theretofore issued in favor of plaintiff, it entered a like order in favor of defendants and restraining plaintiff "from causing any execution to issue against defendants or either of them to be levied

upon any of the property mentioned and described in the decree and from selling the same so long as this cause is pending in any appellate court." It is from this restraining order plaintiff prosecutes the present appeal here.

It is obvious this court is without jurisdiction in the premises. The matter presented is but a side appeal in a case of which the Supreme Court alone possesses appellate jurisdiction. It would introduce interminable confusion to permit the practice of appealing from one order to the Supreme Court and another order to this court in the same case. There can be no doubt that the Supreme Court had exclusive appellate jurisdiction of the case of Pickel v. Pickel et al., for it involved an amount largely exceeding $7500, which is the extent of the jurisdiction here. This being true, this court is without any jurisdiction whatever in the premises to review the subject-matter or interpose orders concerning it. [See State ex rel. Blakemore v. Rombauer, 101 Mo. 499, 14 S. W. 726; State ex rel. Rogers v. Rombauer, 105 Mo. 103, 16 S. W. 695.] It is, therefore, our duty under the statute (section 3938, Revised Statutes 1909) to transfer the appeal to the Supreme Court for its proper disposition. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.