## STONE and Others *vs.* GRAVES.

1. An action cannot be maintained against a judge or justice of the peace, acting judicially and within the sphere of his jurisdiction, for any error he may commit, however erroneous his decision, or corrupt or malicious his motives.

2. This principle does not extend to ministerial acts performed by a judicial officer. For error or misconduct in such acts, he is responsible in like manner, and to the same extent, as all ministerial officers.

3. Alternative allegations are not allowed in pleading; therefore, a declaration charging that the defendant lost *or* destroyed, &c., is bad.

Stone and Others vs. Graves.

APPEAL from Livingston Circuit Court.

SLACK, for Appellants.

The appellants insist that the judgment below should be reversed—

1. Because a justice of the peace is responsible to the party injured, for all non-feasance, misfeasance, and malfeasance in office which he may commit, or of which he may be guilty.— Chitty's Plead., 89, 90, 151, 152, 153.

2. Because the declaration in this cause shows a sufficient state of facts to entitle the plaintiffs to recover, those facts taken to be true, as they are upon the general demurrer.

3. Because the causes of demurrer set forth in said defendant's special demurrer are not true, and are contradictory and inapplicable.

4. Because a justice of the peace is bound to preserve all papers filed in his office, for the purpose of being sued on: this is implied from the reading of 6th sec. Rev. Code, p. 350.

5. Because, where the instrument sued on is filed with the justice at the commencement of the action, and purports to have been executed by the defendant, and the demand is liquidated by such instrument, and the defendant has been served with process, it then becomes the duty of the justice to render judgment against the defendant by default. (See Rev. Code, p. 358.) All these facts the declaration sufficiently shows.

STRINGFELLOW, for Appellee.

The appellee relies on the following points:—

1. The first and third counts (of the declaration) charge simply an error of judgment, if they show any error in the justice at all; and it being a matter of which he had jurisdiction, he is not liable.

2. The second count is for the loss of a note filed with the justice, for which he is not liable in damages; nor does it show that plaintiff was injured by such loss, nor could he have been injured.

3. Each count of the declaration is uncertain, and does not show any cause of action.

SCOTT, J., delivered the opinion of the Court.

The appellants, plaintiffs, brought an action on the case against the appellee, defendant, a justice of the peace, for misconduct in office. The declaration contained three counts: the first and third charged, that the defendant, being a justice of the peace, did corruptly and wilfully refuse to enter a judgment in a suit pending before him, in which the appellants were plaintiffs, and one Pettigrew was defendant; the second count charged the appellee with neglect, by which the note on which suit was brought was lost or destroyed. To this declaration

there was a special demurrer, which was sustained by the court, and a judgment rendered for the appellee, defendant.    From this judgment the appellants, plaintiffs, appealed to this Court.

This case presents the question whether a justice of the peace, when acting judicially and within the sphere of his jurisdiction, is liable to an action for any error he may commit, although he may act from impure and corrupt motives?    It is not pretended, that for malice, corruption, partiality, or any misdemeanor in office, a justice of the peace, when acting judicially, is exempt from punishment, but the question is, whether he is liable to a civil action by the party aggrieved? In the case of Lansing *vs.* Yates, 5 Johns., 291, a case of intense interest, and which was profoundly investigated both by the bench and the bar, Judge Kent remarks : "The doctrine which holds a judge exempt from a civil suit for any act done or omitted to be done by him sitting as a judge, has a deep root in the common law.    It is to be found in the earliest judicial records, and it has been steadily maintained by an undisturbed current of decisions in the English courts, amidst every change of policy, and through every revolution of the government."

Serjeant Hawkins maintains, (book 1, chap. 7,) that the law has freed the judges of all courts of records from all prosecutions whatsoever, except in the parliament, for any thing done by them openly in such courts.    Lord Holt, in Grosnvelt, *vs.* Burwell, is equally explicit, that a judge shall not be questioned at the suit of the parties.—1 Lord Raymond, 468.

The maintainance of this principle is essential to the due administration of justice.    If, for every erroneous judgment in the discharge of his duties, a justice was held responsible in damages, hard, indeed, would be his condition.    Law is a moral, and not a mathematical science.    What is the law in many cases is a mere matter of opinion, and about which the most upright and enlightened judges will differ.    The rules and principles which govern, in the exercise of judicial power, are not in all cases plain ; they are often complicated, and appear in different views to different men.    Few would accept the office of judge, if they were to answer with their estates for every error in judgment, or if they were to be harassed with litigation by every unfortunate or disappointed suitor.

In Moysten *vs.* Fabrigas, Cowper, 161, Lord Mansfield says—"That, by the law of England, if an action is brought against a judge of a court of record for any act done by him in his judicial capacity, he may plead that he did it as a judge of a court of record, and that will be a complete justification."    This principle has been invariably acknowledged, and has received the sanction of the courts of many of our sister States.    In the case of Phelps *vs.* Sill, in the Supreme Court of Connecticut, 1 Day's Cases in Error, 315, a suit was instituted against a judge of probate for neglecting to take security from a guardian, and the court held the action did not lie.    It was held to be a settled principle, that a judge is not to be questioned in a civil suit for doing, or for neglecting or refusing to do a particular official act in the exercise of judicial powers.    The Supreme Court of South Carolina, in the case of Lining *vs.* Bentham, 2 Bay's Rep., held unanimously, that a justice of the peace was not liable to an action for what he did in his judicial capacity, though he was subject to indictment if he acted oppressively.

In Brodlie *vs.* Rutledge, *ibid.*, it was declared to be a well-ascertained principle of law, that no action could be brought against a judge for any judgment rendered by him in his judicial character, though liable to impeachment.

Although a judge, or justice of the peace, when acting judicially and within the sphere of his jurisdiction, is not responsible, in a civil suit, for a mere error of judgment, yet from the *dicta* of judges in some cases, and from not discriminating between judicial and ministerial acts, an opinion is entertained by some, that although a judge, or justice of the peace, acts judiciously, and within the sphere of his jurisdiction, yet if he suffers his judgment to be swayed by malice or corruption, he is responsible, in damages, to the party aggrieved. The whole tenor of the opinion of the court in the case of Lansing *vs.* Yates before cited, in which the whole learning on this question is exhausted, repels this idea. In the case of Cunningham *vs.* Bucklin, 8 Cowen Rep., Chief Justice Savage, in delivering the opinion of the court, says: "No case has been produced showing that a judge of a court of record has ever been held responsible in a civil action, even for misconduct in office. Holt says, that they have been laid by the heels and compelled to ask the king's pardon, by which I understand they were removed from office. Indeed, the same reasons operate in some measure to protect them against all suits, whether arising from their errors or their crimes. If an action were to lie at all, it would be easy for every person dissatisfied with the decision of the court, (and one party is always dissatisfied,) to allege corruption, and thus harass the judges, whose time and property, if they happen to have any, would be wasted in defending suits, which, if not founded in, might be supported by, corruption. Hard, indeed, would be the condition of a judge, if he were thus exposed to never-ending litigation. Chitty, in his Treatise on Pleading, understands the authorities in the same way, and relies on some referred to in this opinion, in support of the principle, that an action cannot be supported against a judge, nor a justice of the peace, acting judicially, and who has not exceeded his jurisdiction, however erroneous his decision, or malicious his motive:" 69.

The case of Gregory *vs.* Brown, 4 Bibb, 28, is often cited, in support of a doctrine contrary to the foregoing. But upon an examination of that case it will be found, that the point did not arise. That was not an action for acting maliciously or corruptly; the conduct of the justice was not imputed to corrupt and impure motives, and there was a judgment for the defendant: the court, in delivering its opinion, said: "An action will not lie against a justice of the peace for a judicial act within his jurisdiction, unless he has acted from impure and corrupt motives." So this was no point decided, but merely a *dictum* uttered in delivering an opinion.

This principle is not to be understood as extending to ministerial acts required to be performed by an officer whose functions may be sometimes judicial. Some of the duties of a justice are judicial, and some ministerial; and when he acts ministerially, or is required to do a ministerial act, for error and misconduct he is responsible in like manner, and to the same extent, as all other ministerial officers. The distinction is between judicial and ministerial acts. The rendering a judgment is purely a judicial act. The justice must determine whether the

record and proceedings before him will authorize such measure, and for this exercise of his judgment he is not responsible in a civil action.    The demurrer to the first and third counts was therefore properly sustained.

The charge in the second count is, that the defendant neglectfully and carelessly lost *or* destroyed the note left with him for suit.    This mode of declaring is not allowable.    In the same count a party cannot be charged in the alternative, with doing an act, or another and a different act; he should have employed two counts to make the several charges.

Judgment affirmed.