## LENOX *vs.* GRANT.

G. brought an action on the case against L., a justice of the peace, for maliciously, &c., issuing his warrant against G., and causing him to be arrested, &c., as a vagrant. *Held:* That the action would not lie; that a justice of the peace, acting within the sphere of his office, is not liable to an action for an error of judgment, EVEN IF HE ACT CORRUPTLY, but must be indicted.

APPEAL from Crawford Circuit Court.

FRISSELL, *for Appellant.*

For reversing the judgment, the appellant relies upon the error committed in bringing the suit. The form of the action is case, but should have been trespass. —Morgan *vs.* Hughes, 2 Durnford and East, 226, is in point, and a leading case.

2. That Lenox was a judicial officer, acting in a judicial capacity, and within his jurisdiction, and therefore not liable to an action.—Yates *vs.* Lansing, 5 Johns., 292; *Ibid.*, S. C., 9 Johns., 295.

TOMPKINS, *J., delivered the opinion of the Court.*

John Grant brought an action of trespass on the case against Wilson Lenox, charging that he, the said Wilson Lenox, a justice of the peace, &c., without any reasonable or probable cause whatever against the said John Grant, but wrongfully and unjustly contriving and intending to imprison, harass and injure him, the said John Grant, falsely, wickedly and maliciously, did issue a certain warrant at the suit of the State against him, the said John Grant, directed to the constable, &c., by which said warrant he, the said Lenox, commanded the said constable to take the said John Grant, and bring him forthwith before him, the said Lenox, &c.; that he, said Grant, was arrested on said warrant, and imprisoned for the space of twenty-four hours, &c. Lenox, the defendant, pleaded—

1. A special plea, that he acted as justice of the peace in the discharge of what he believed to be his duty, &c.

2. He put in the general issue.

The special plea was demurred to, and the demurrer sustained. A trial was had on the other plea, and judgment was given to the plaintiff, and his damages assessed to one hundred dollars. To reverse this judgment, the defendant, Lenox, appeals to this Court. The sixteenth section of the sixth article of the act concerning crimes and punishments provides "That every person holding or exercising any office of public trust, who shall be guilty of wilful and malicious oppression, partiality, misconduct, or abuse of authority in his official capacity, or under color of his office, shall, on conviction, be punished by imprisonment in the

county jail for a term not exceeding one year, and fine not exceeding one thousand dollars."

The demurrer to the plea ought to have been overruled. But the declaration is bad, showing on its face, in both counts, that the appellant, Lenox, was acting judicially when he issued the warrant, and the defendant might have well demurred to it. 5 Bacon, title, "Offices," p. 212, letter N., says:—"That all officers, whether such by common law or made pursuant to statute, are punishable for corruption and oppressive proceedings, according to the nature and heinousness of the offence, either by indictment, attachment, action at the suit of the party injured, loss of their offices," &c. "But," he adds, "besides the punishment by indictment, information, &c., all courts of record have a discretionary power over their own officers, and are to see that no abuses are committed by them which may bring disgrace on the courts themselves." It is only indirectly that a justice of the peace can injure a man whom he causes to be brought before him on a charge of vagrancy, and whether the justice in issuing the warrant was mistaken, or acted maliciously, and without probable cause, cannot certainly be known to any but the great searcher of hearts; the jury that finds him guilty must, unless he confess, necessarily act on dubious evidence. It is not so with ministerial officers, as constables and sheriffs; their acts are sometimes oppressive, whilst in the case of judicial officers it is the erroneous judgment that produces or causes the oppression; and if this error of judgment be merely the mistake of an honest mind, then the justice is innocent in the eye of the law, but if the error be wilful and corrupt, then let him be indicted as the law above cited provides. But in an action for damages, sustained by reason of an error of judgment, he cannot be liable.

The case of Stone *vs.* Graves, decided at this term, is to the same purpose, that a justice of the peace, acting within the sphere of his office, is not liable to an action for an error of judgment, even if he act corruptly, but must be indicted.