*Brotherton, Adm'r &c., to use of Smith, et. al. vs. Thomson.*

BROTHERTON, Adm'r, &c., to use of SMITH, et. al. vs. THOMSON.

Where property in the hands of a third person is attached, and is retained by giving bond to the sheriff for its delivery "when and where the court shall direct, &c.," according to the act regulating attachments, an order of court for its delivery is necessary to render the obligors liable on the bond. The judgment of the court against the defendant in the attachment suit, and an execution issued to the sheriff is not sufficient to render the obligors liable on the bond.

## ERROR to St. Louis Circuit Court.

HOLMES, *for Plaintiff in error, insists:*

1. A special order of court requiring the property to be produced at a specified *time* and *place* and delivered up to the sheriff is requisite under the statute; and an execution is no sufficient order; Rev. Stat., 1835, sec. 14, p. 78, and sec. 37, p. 80. The words seem expressly to require that the defendant is to be ordered to produce the goods, *"when* and *where"* i. e., at a specified time and place. There could be no delivery without a time and place. Then the words imply that the goods are to be always subject to the order of court. The causes of action were not therefore the same and the judgment pleaded is no bar. 1 Phil. Ev., 321; 1 Cow. & Hill's notes, 557; 1 Greenl. Ev., sec. 528, 530; Story's Pleadings, (at law,) 191-2; and cases cited.

2. Another point is made upon the bill of exceptions, that there was error in granting a new trial to the defendant on his motion and affidavit. The case of Davis vs. Davis, 8 Mo. R., 56, lays down the doctrine, that if the plaintiff in such cases would avail himself of the error, he must abandon his case at that point, and not proceed to a second trial. As this case went off upon a demurrer to the rejoinder filed immediately after the verdict was set aside, and there has been no second trial, it is submitted, that there is a distinction between this case and that—and that the court can look into the matter. This point is made that the demurrer was properly stricken out as not being filed within time, nor by leave of the court, and that although by the rules of court [see rule 22 of Cir. Court] no default could be taken, if a pleading were filed though after time. Yet it was competent for the parties *to move to strike it out*, as not being properly on file, the other party having due notice of the motion. Rules of Circuit Court, No. 8 & 22. If the demurrer was properly stricken out, then there was no good reason for setting aside the verdict, the absence of defendant's counsel as stated in his affidavit not being a sufficient reason in law. Steigers vs. Darby, 8 Mo. R , 679.

SPALDING & TIFFANY, *for Defendant in error, insist:*

1. That the *direction* contemplated by the statute where it requires the condition of the bond to be for the production of the goods subject to the judgment of the court, when and where the court should *direct*, is contained in the judgment and execution in the case; see Rev. Code of 1835, p. 78, sec. 14 & 37; p. 82, sec. 51; 7 Mo. R., 411, notwithstanding bond given attachment remains a lien. Cover, principal in the bond is defendant in the attachment suit, charged with knowledge of the judgment and award of execution and supposed in law to have been present when judgment

was given and execution awarded, and the security stands in his shoes, and has made himself a *quasi* party to the suit, and has only the rights of Cover.

2. As to new trial   The plaintiff should have relinguished his case, on the verdict being set aside—taken his bill of exceptions, &c.

McBRIDE, J., *delivered the opinion of the Court.*

This was an action of debt on a bond given to the late sheriff of St. Louis county for the redelivery or forthcoming of property attached, in the case of Smith and others against Cover and Gillispie, and the defendant Thomson who was security in the bond.   That suit was brought to the March term, 1837, and the attachment levied on the property of the defendants, which was restored upon the execution of the bond.   At a subsequent term judgment was rendered in the case, and execution issued thereon, which was returned "*nulla bona.*"   No goods returned under the bond.   Suit was then instituted on the bond against Thomson, the security, without any special order having been obtained, directing the property attached to be produced, to satisfy the judgment.   In that suit one of the pleas was, that the court had made no order on the defendant or his security to produce the goods attached; issue was taken on the plea by the plaintiff who offered in evidence the execution and sheriff's return, but the court held that a special order was necessary under the statute; whereupon a verdict was found for the plaintiff, on the other issues in the cause, and for the defendant on the issue aforesaid.   The plaintiff took out his writ of error to this court, but there being no bill of exceptions saving the point, the judgment was affirmed.

The plaintiff subsequently applied to and obtained from the Circuit Court, an order on the defendants to produce the goods attached, at the court house door, on, &c., which was served on the defendants, but they failed to make the delivery; whereupon the plaintiff commenced this suit, to recover of the defendant, the amount of his judgment, with interest and costs of suit.

The defendant pleads the former judgment, in bar to this action; the plaintiff replies, setting out the foregoing facts; the defendant rejoins that an execution was taken out in the original case, which was returned "*nulla bona,*" &c., which was a sufficient order of Court, and therefore the cause of action is the same and the former judgment a bar; the plaintiff demurred, and the same being overrulled and judgment having been entered thereon, he has brought the case here by writ of error.

The question in the case is, whether the bond was forfeited, by breach

*Brotherton, Adm'r, &c., to use of Smith, et. al. vs. Thomson.*

of the condition, when the first suit was brought, or whether to work such forfeiture and breach, it was necessary that the court should make a special order for the production of the goods attached; the production of which was guaranteed by the bond.

The bond was taken in conformity to the enactment in the 14th sec., 1st art. of an act to provide for the recovery of debts by attachment, R. C., 1835, p. 78, which reads "The property of the defendant found in the hands of any person other than the defendant shall be attached; such person may retain the possession by giving bond and security to the satisfaction of the officer executing the writ, to the sheriff, his successor or assigns, in double the value of the property attached, conditioned that the same shall be forthcoming when and where the court shall direct, and shall abide the judgment of the court."

The condition of the bond, as above prescribed, clearly contemplates the making of an order by the court, directing, "when and where" the property shall be delivered, to wait the judgment, otherwise no meaning can be attached to the language used. The judgment of the court, cannot with propriety be considered the direction to the obligor, when and where the property shall be delivered. It is the conclusion of law upon a given state of facts. The execution cannot, with any more propriety be deemed an order to the obligor, to deliver the property at a given time and place; on the contrary, the execution is directed to the sheriff, commanding him to levy on the goods, &c.

If a party desires to release himself from his liability on his bond, he can at any time after execution, deliver the property in his hands to the sheriff, who can dispose of it according to the direction contained in the fifty-first section.

If a doubt exists, as to the correct construction of the statute, that doubt should be solved, by giving to it the foregoing construction. It is the construction most favorable to the obligor, and fixes his liability within the letter of his bond.

The judgment should be reversed, and Judge Scott concurring, the same is reversed and the cause remanded.

Napton, J., dissents.