RICHARD R. JONES TO USE A. McCLURE, Respondent, v. ANDREW M. JONES AND CHARLES C. JONES, Appellants.

*Attachment—Delivery Bond—Action.*—The legal effect of the taking a bond for the delivery of property attached, under the provisions of sec. 29, p. 247, R. C. 1855, is to relieve the officer of the care and custody of the property, and to give the possession to the parties executing the bond. If, upon execution after judgment, the obligors deliver the property to the officer, to be sold or otherwise disposed of in obedience to the order of court, the condition of the bond is satisfied, and no cause of action remains to the sheriff or the attaching creditor. If there be a breach of the bond, the sheriff under the order of the court, upon the happening of the contingency, must assign the bond to the plaintiff, who may have judgment, upon motion, for the value of such property. Damages to the property by the obligor in the bond gives no cause of action to the sheriff or the attaching creditor.

### Appeal from Franklin Circuit Court.

McClure instituted a suit by attachment in the Franklin Circuit Court against one Shafty, in which a certain engine and machine were attached, in which engine and machine it was claimed that Shafty owned one undivided half interest. Under the provisions of § 29, p. 247, R. C. 1855, a bond was given by the defendant for the delivery of the property. In a suit upon the bond, the petition averred that the bond was made in the attachment suit—one-half of the engine and the entire machine were adjudged to be the property of Shafty and liable to the attachment of McCarty, and they were ordered to be sold to satisfy the attachment; that Jones did deliver said property at the place he was bound and ordered to deliver it, but did not deliver it in as good order as it was

28—VOL. XXXVIII.

when attached, but that it was rusted, worn and damaged; that the defendant did deliver the property to the sheriff, but it was damaged and greatly injured, and asked judgment. The defendant in his answer asserted that he delivered the property to the sheriff, as required by the terms of the bond.

*Sharp & Broadhead*, for appellants.

*Chas. Jones*, for respondent.

No objections or exceptions were taken to the instructions given. The instructions given by the court were. clearly correct and unobjectionable. The jury have acted upon the evidence in the case. Why should the court interfere to send this case back to the Circuit Court for more litigation, when perfect justice has been done? It is certain the court will not reverse the judgment of the Circuit Court—Rider v. Springmeyer, 30 Mo. 234. The Supreme Court will not reverse or grant a new trial because the verdict is against the weight of evidence—Weber v. Degenhardt, 34 Mo. 458; Irwin v Riddlesbarger, 29 Mo. 340; Papin v. Allen, 33 Mo. 200; Smock v. White, 28 Mo. 163; Zimmerman v. Owens, 24 Mo. 97.

FAGG, Judge, delivered the opinion of the court.

The respondent, late sheriff of Franklin county, instituted a suit in the Circuit Court of that county against the appellants upon a bond executed by them for the forthcoming of certain property found in their possession, and which had been attached as the property of one Shafty at the suit of said McClure. The property was retained in the possession of the appellants under the provisions of § 29, art. 1, of the Attachment Law, R. C. 1855.

This action seems to have been brought and tried in the court below upon the theory, that notwithstanding the delivery of the property to the officer, to be sold to satisfy the debt due the attaching creditor, still the appellants were responsible for any damage done or suffered to the property after the execution of the bond, and that it must necessarily be

brought in the name of the sheriff to the use of the plaintiff in the attachment suit. To say nothing in relation to the ruling of the court as to the measure of damages in such a case, it may be said briefly that we consider the whole proceeding erroneous.

The condition of the bond is simply that the property attached "*shall be forthcoming when and where the court shall direct*"; and further, that the obligors "shall abide the judgment of the court."

The legal effect of the taking of such a bond by the officer is simply to relieve him from the care and custody of the property, and give the possession to the parties executing it. When he has taken a good and sufficient bond and returned the same as required by law, his whole duty in the premises has been performed. The sheriff has no right whatever to institute any proceedings upon the bond, but must under the order of the court, upon the happening of a certain contingency, assign the same to the plaintiff, his executor or administrator, upon whose motion a judgment will be entered up by the court against the obligors "*for the value of such property*"; or if its value should exceed the amount due on the execution, then for the actual " amount due, with twenty per cent. damages," &c. The record shows the fact that the property was delivered up to the officer, who sold it and applied the proceeds to the payment of the execution in his hands; and we think no breach of the bond has been alleged in this case that would authorize an action by the officer or anybody else.

The judgment of the Circuit Court must therefore be reversed and the cause remanded.

The other judges concur.