RUFUS L. McDONALD et al., Respondents, v. DAVID
LOEWEN et al., Appellants.

Springfield Court of Appeals, June 6, 1910.

1. ATTACHMENT: Forthcoming Bond: Liability of Obligors: Or-
der of Court for Delivery of Property. Where property in the
hands of a third person is attached and is retained by giving
bond to the sheriff to deliver the same when and where the
court shall direct, etc., according to the act regulating attach-
ments, an order of a court for the delivery of the property is
necessary to render the obligors liable on the bond. The judg-
ment of the court against the defendant in an attachment suit
and an execution issued to the sheriff is not sufficient to render
the obligors liable on the bond.

2. ———: ———: ———: ———. The order of a court on the
obligors of a forthcoming bond in an attachment suit for the
delivery of the property must direct "when and where the
property shall be delivered," and a failure to comply with an
order which does not come up to this requirement of the stat-
ute—which provision is also a condition of the bond given—will
not constitute a breach of the bond.

3. ———: Action on Forthcoming Bond. In an action against the
obligors on a forthcoming bond given in an attachment suit,
where no motion was made in court, under Sec. 419, Revised
Statutes of 1899, to render judgment against the obligors, it is
held that plaintiffs had no right to immediate possession of the
property or fund in the hands of the obligors and could not
maintain an action therefor until the execution against the de-
fendant in the attachment suit had been returned unsatisfied,
nor until the bond had been assigned to the plaintiffs.

4. ———: Contest Between Attaching Creditors: Payment of
Money from Sale of Attached Property. The obligors in a forth-
coming bond in an attachment suit cannot legally pay the
money arising from the sale of the attached property to the
attaching creditors until the priorities and rights of the credi-
tors in the attachment suit have been settled.

5. INTEREST: Attachment: Action on Bond: Damages: Tender.
In a suit against the obligors on a forthcoming bond in an at-
tachment suit for the recovery of the value of the property

retained, it is held that interest cannot be recovered under the facts in this case from the date of the giving of the bond, but only from the time that plaintiffs have a legal right to recover the property or its value, and then only from the time a demand is made therefor, and if no demand is made, from the date action is commenced. A valid tender of the property or its value made by the obligors and kept alive would stop the running of interest.

6. ———: Definition. Interest, as defined in law, is legal damages for the injurious detention of money which is due.

7. ———: When Chargeable. Where there is a legal contest over the property or fund between persons other than the debtor, rendering it doubtful to whom the debt should be paid, the debt is not generally chargeable with interest during such contest. In the absence of a special agreement as to interest or as to the time of payment, the interest is payable on a debt from the time the principal is demanded.

8. APPEAL AND ERROR: Finding of Facts by Trial Court. In a law case where there is conflicting evidence on a question of fact, the finding of the trial court thereon will not be reviewed by the appellate court.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan,* Judge.

REVERSED AND REMANDED (*with directions*).

*Lee Sale* and *I. J. Ringolsky* for appellants.

(1) As the only order made by the court to deliver the attached property was made on February 28, 1898, not only should the value have been fixed on that date, but if interest was recoverable, it could only be from February 28, 1898, and not from the date of giving the bond on May 28, 1896. Brotherton v. Thompson, 11 Mo. 94; Jones v. Jones, 38 Mo. 429; Shinn on Attachments, sec. 601; Collins v. Mitchell, 3 Fla. 8; Carter v. Feeland, 17 Mo. 383. (2) The general statutes allowing interest on various kinds of obligations in Missouri have no application to bonds with collateral conditions, the amounts recoverable on such bonds are fixed by sections 468 and 471 of our statutes. Board of

Education v. Surety Co., 183 Mo. 166; State to use v. Distilling Co., 72 Mo. App. 573; Burnside v. Wand, 170 Mo. 531. (3) If plaintiffs are allowed interest, they will be rewarded for their own stubbornness in refusing to accept the appraised value of the property years ago.. Ferry Co. v. Railroad, 128 Mo. 255; Macomber v. Bigelow, 58 Pac. 312; Coburn, etc., Co. v. Dredging Co., 137 Fed. 780; Terra Cotta Co. v. Harden, 73 N. E. 494; Dozier v. Jerman, 30 Mo. 216; Loving v. Shoe Co., 71 Mo. App. 646; McCormack v. Lynch, 69 Mo. App. 524.

*Robert A. Holland, Jr., J. F. Woodson* and *Rusk & Stringfellow* for respondents.

(1) By selling the goods, defendants were guilty of conversion of them and should be held to the value as of that time. Hudson v. Lamar, 74 Mo. App. 238; Perry v. Post, 45 Conn. 355; Doyle v. Johns, 15 S. E. 776. (2) On the premise that they were not required to account for the goods until there was an order of delivery, defendants base their conclusion that interest should run, if at all, only from the date of the order. Even if the premise were sound, the conclusion would not follow. Interest is allowed in this case not as interest, strictly speaking, but as damages. Dozier v. Jerman, 30 Mo. 216; Padly v. Catterlin, 64 Mo. App. 629; R. S. 1899, sec. 2869. (3) The party to whom the sheriff releases the property held under levy of attachment writ is the bailee of the sheriff and cannot sell the property. Shinn on Attachment, sec. 46; Drake on Attachments, sec. 251; Flynn v. Clark, 22 Mo. App. 218; Hudson v. Lamar, 74 Mo. App. 238; Prescott v. Williamsport Co., 159 Fed. 244; Ham v. Hill, 29 Mo. 275.

NIXON, P. J.—The question presented to this court for determination on this appeal is as to what amount of interest, if any, is allowable against appel-

lants on a forthcoming bond under circumstances dis-
closed in this record.

Three separate attachment suits were commenced
against Morris Lazarovic. The first writ was in favor
of Schmitz & Schroder, co-partners, the second in favor
of Goldsmith, Rosenbush & Levi, co-partners, and the
third was in favor of R. L. McDonald & Company. All
of said writs were directed to the sheriff of the city of
St. Louis and were levied by him on the stock of cloth-
ing and furnishing goods of the defendant in said suits,
Morris Lazarovic. At the time the attachments were
levied, the said goods were in the possession of the ap-
pellants, David Loewen and Albert Loewen. The prop-
erty was duly appraised at $3474.50, and appellants
were allowed to retain possession of the property upon
executing a forthcoming bond in the sum of $6949.
This bond, after reciting the said attachments and their
levy upon the goods of Morris Lazarovic, contained this
provision: "Now, if the said David Loewen and Albert
Loewen shall deliver said property, and every part
thereof, unto the sheriff, or unto his successor or as-
signs aforesaid, *when and where the court may direct,*
and shall abide the judgment of the court, then this
obligation shall be void." Soon after the execution of
the forthcoming bond, the goods were sold by the ap-
pellants and hence could not afterwards be produced to
abide the judgment of the court.

The claim of Schmitz & Schroder was to recover
$2140.25, and that of Goldsmith, Rosenbush & Levi was
for $2353.70. It will be seen that if both of these at-
tachments had been sustained and judgments for the
amounts claimed thereunder obtained, there would have
been nothing in the value of the goods to satisfy the
claim of R. L. McDonald & Company which was for
$5000. A contest therefore arose between the attach-
ing creditors as to their priority. R. L. McDonald &
Company filed intervening petitions seeking to set aside
the attachments of the other attaching creditors.

The attachments of the several creditors were levied in May, 1896. In the course of the litigation that followed, the court sustained the attachment of Schmitz & Schroder, holding that they were entitled to the first lien; that R. L. McDonald & Company were entitled to the second lien and that Goldsmith, Rosenbush & Levi were entitled to the third lien. The attachment of Schmitz & Schroder was sustained on November 30, 1900.

As will appear later, the forthcoming bond was on March 16, 1903, assigned to R. L. McDonald & Company, and this suit was filed in the circuit court of St. Louis on April 4, 1903, to recover on the bond. The petition alleged that the goods attached were of the value of $10,000, and it prays that the value of the goods be ascertained, that plaintiffs recover judgment for the penalty of the bond to be satisfied upon the payment of the amount of the value of said goods, together with their damages on account of the breach of the bond and for the costs of the suit.

The trial took place on December 14, 1905, without a jury. The plaintiffs introduced much evidence to show that the goods attached on May 28, 1896, were worth in cash as high as $15,000. The defendants introduced two of the appraisers, who originally appraised the attached goods, and they swore that the goods were of the appraised value when attached, and worth much less in 1898. Under the petition and the stipulation (which was entered into between the parties) the sole and only contest during the trial was as to the value of the attached goods, the plaintiffs maintaining that the goods were worth $10,000, and the defendants claiming they were worth only the appraised value. The defendants' evidence tended to show that they had always been ready and willing to pay and offered the appraised value of the goods to plaintiffs, but that the offer was refused because plaintiffs claimed the value of the goods was more than the ap-

praised value. On June 29, 1906, the court rendered judgment in favor of plaintiffs for the penalty of the bond, to-wit, $6949, to be satisfied upon payment of $3474.50 and interest from May 28, 1896. The court made findings of facts and gave declarations of law, of its own motion, to the effect that the goods attached were only of the value fixed by the three appraisers selected by the sheriff, when the goods were attached, as defendants claimed, but also declared the law to be that plaintiffs were entitled to interest on the value of the goods from the date of the giving of the forthcoming bond on May 28, 1896. The court, on July 3, 1906, after its judgment was rendered, allowed plaintiffs to amend their petition by interlineation so as to ask for interest instead of damages on account of the breach of the bond as originally claimed in the petition, to which action of the court the defendants excepted. The defendants have appealed from the judgment rendered because the court allowed interest on the value of the goods from May 28, 1896.

As shown by the stipulation of the parties, on February 28, 1898, R. L. McDonald & Company obtained judgment against the defendant, Morris Lazarovic, in the sum of $5041.68 and costs, and the defendant was by the court ordered to deliver the property attached for the purpose of satisfying said judgment. The evident meaning of this statement in the stipulation is that R. L. McDonald & Company, upon obtaining their judgment against the defendant, Morris Lazarovic, also obtained an order against *Morris Lazarovic, as defendant,* and *not* against the defendants in the present action as obligors on the forthcoming bond. The condition of the forthcoming bond clearly contemplated the making of an order by the court directing when and where the property should be delivered to the sheriff to abide the judgment of the court; otherwise, no meaning can be attached to its language.

Where property in the hands of a third person is attached and is retained by giving bond to the sheriff to deliver the same when and where the court shall direct, etc., according to the act regulating attachments, an order of court for the delivery of the property is necessary to render the obligors liable on the bond. The judgment of the court against the defendant in an attachment suit and an execution issued to the sheriff is not sufficient to render the obligors liable on the bond. [Brötherton v. Thomson, 11 Mo. 94.]

But even if the order had been directed to the appellants herein, as obligors on the forthcoming bond in the suit of R. L. McDonald & Company against Morris Lazarovic, the order as made would fail to come up to the requirements of the statute as stated in the case of Brotherton v. Thomson. The order of the court does not direct "when and where the property shall be delivered" so as to cover the condition of the bond and a failure to comply with the order as it was actually made would not constitute a breach of appellants' forthcoming bond. Furthmore, no evidence is offered to show that the appellants ever had any actual notice of such order.

Section 419, Revised Statutes 1899, concerning attachments, authorizes the plaintiff, where a forthcoming bond is given in the attachment suit, after execution is issued, by motion in the court where the attachment is pending, to obtain a judgment against the obligors upon the bond, and provides that when such motion is filed, the court may "render judgment in favor of the plaintiff, his executor or administrator, against the obligors in the bond, for the value of such property, or if the value of such property should be greater than the amount due upon execution, then for the amount due, together with twenty per cent damages upon such value or amount." By the express terms of this statute, the judgment is for the value of the goods; not the value *and interest*. The provision is that *if* the

value *exceeds* the amount of the execution, then a *penalty* of twenty per cent is added.

The forthcoming bond sued upon in this action was a bond with collateral conditions. Section 468, Revised Statutes 1899, provides: "Bonds with collateral condition, etc.—action on, assignment of breaches.— When an action shall be prosecuted in any court upon any bond for the breach of any condition other than the payment of money, or shall be prosecuted for any penal sum for the non-performance of any covenant or written agreement, the plaintiff, in his petition, shall assign the specific breaches for which the action is brought." Section 471, in the same chapter, provides: "Verdict and judgment.—In every such action, if the plaintiff recover, the verdict assessing the damages shall be entered on the record, and judgment shall be rendered for the penalty of the bond, or for the penal sum forfeited, as in other actions, and with a further judgment that the plaintiff have execution for the damages so assessed, which damages shall be specified in the judgment."

In a suit on a bond such as the one in question, under this statute the plaintiff would be allowed interest only from the date of the commencement of the suit. [The Union Savings Association v. Edwards, 47 Mo. 445; Board of Education v. National Surety Co., 183 Mo. l. c. 184, 185, 82 S. W. 70.] In the latter case, the court say that the first instruction given by the court in the case of The Union Savings Association v. Edwards, supra, allowing interest from the commencement of the suit was a correct instruction.

According to the stipulation of parties as to the facts of this case, no order was made upon the *appellants* at any time (except as herein stated) for the delivery of the property, and no breach of their bond is shown, except as stated. Furthermore, no motion was made in court under section 419, Revised Statutes 1899, to render judgment in favor of the plaintiffs against the

obligors on the forthcoming bond for the value of the property as provided in that section. Plaintiffs in this case had no legal claim to possession of the fund in the hands of the appellants until after an execution had been issued against Morris Lazarovic, the defendant in the attachment suit, and the same had been duly returned unsatisfied, nor until after the forthcoming bond had been assigned under the provisions of said section 419 to the plaintiffs. Until these things were done, plaintiffs were not entitled to proceed against the appellants' bond or to claim and demand and receipt for the fund held by the appellants.

By the stipulation made between the parties hereto, it was agreed "that the sheriff should assign the forthcoming bond taken by him to R. L. McDonald & Company, and that Schmitz & Schroder should assign their judgment to R. L. McDonald & Company, and that the firm of R. L. McDonald & Company should sue on the bond to recover from the makers of the bond the value of the goods attached, and out of the proceeds should pay first the claim of Schmitz & Schroder with interest and costs; and secondly, their claims, with interest and costs." The stipulation further provided "that the question of the value of the goods attached was the only question to be submitted to the court and the suit was brought solely to have the value of the goods attached determined." It was further agreed "that all rights to statutory penalties and claims, if any, be waived, the waiver not to cover interest on the value of the attached goods, if R. L. McDonald & Company was entitled to the same under the law."

No legal demand was made by the plaintiffs for the fund in the hands of the appellants until the commencement of the present suit on April 4, 1903. The statute concerning attachments and bonds with collateral conditions, not having made any special provision for interest, the question of the allowance of interest

McDonald v. Loewen.

must therefore be determined on general legal principles in the light of the relations of the parties to the fund in the custody of the appellants and the conditions in the appellants' forthcoming bond. It remains therefore to be ascertained what damages the plaintiffs have actually sustained. In case of civil injury, when damages are to be awarded, the general purpose that pervades the law is to award full compensation for the injury sustained. The appellants could not legally have paid the money arising from the sale of the attached property over into the hands of the attaching creditors until the priorities and rights of the creditors in the attachment suits had been settled; nor could the plaintiffs sue upon the bond, as we have seen, until the bond had been assigned to the plaintiffs by the sheriff under the order of the court. After these steps had been taken, it might be held that the plaintiffs had two remedies, either to apply to the court by motion for judgment for the value of the property, or to sue the appellants as obligors upon the bond. Under the general analogies of the law, interest in such case could only be allowed from the time the value of the property was demanded by the plaintiffs of the appellants. The legal effect of the taking of the forthcoming bond by the sheriff was simply to release him from the care and custody of the property attached and give the possession of the same to the parties executing the forthcoming bond, to be held by them during the litigation, subject to the orders of the court in which the attachment suits were pending. [Jones v. Jones, 38 Mo. 429.] The bond served merely to insure the safe keeping and faithful return of the property attached, and substituted the responsibility of the obligors in that respect for that of the sheriff. In many jurisdictions, the practice in attachment cases is to deliver the attached property to a bailee for the sheriff to keep until its production is required by an order of court. Such a person is called a "receiptor." It will be readily seen that such a person

McDonald v. Loewen.

stands in much the same position or relation to the attached property as to his liabilities as the obligors on the forthcoming bond under our practice. The measure of damages on such a "receipt" is the value of the goods receipted for, and interest is only recoverable from the time of demand. [Lamprey v. Leovitt, 20 N. H. 544.]

"Interest," as defined in law, is the legal damages for the injurious detention of money which is due. When a liability is incurred under a bond, the sureties are liable for interest from the time of the demand made upon them, and when no demand is made, from the date of the service of the summons in an action on the bond (Frink v. Southern Express Co., Ga. 3 L. R. A. 482), the general principle being that no interest in such cases is allowed until a demand is made. "Where there is a legal contest between persons other than the debtor, rendering it doubtful to whom the debt should be paid, the debtor is not generally chargeable with interest during such contest." [22 Cyc. 1558.] ". . . in the absence of any misconduct on the part of the person holding money to another's use, interest will be allowed only from demand for its delivery to the person entitled thereto." [22 Cyc. 1544; Benton v. Craig, 2 Mo. 198.] In the absence of special agreement as to interest or as to the time of payment, the interest is payable on a debt from the time the principal is demanded. [Burgess v. Cave, 52 Mo. 43.] The case of obligors on a forthcoming bond, so far as payment of interest is concerned, is like that of a sheriff who has collected money on an execution and who is only liable for interest after demand by the owner of the fund. [Burgess v. Cave, supra.]

In their answer the appellants pleaded tender, to the effect that they "have offered to pay plaintiffs, or into court for plaintiffs' use, the sum of $3474.50, being the amount at which said goods were appraised, and have ever been, and are now, willing to pay said sum to plaintiffs or into court for their use." The evidence

on appellants' behalf in the trial court on the question of tender supported the allegations of their answer and was to the effect that appellants' agent told the respondents' agent that they would pay the money in their hands arising from the sale of the attached property at any time it was wanted if respondents would release appellants from the bond. That respondents refused to accept the offer and receive the money and said they were entitled to double the amount of the value of the property and would not take the amount fixed by the appraisers. This offer was made about the time that the stipulation between the parties was signed. On the part of the respondents, Mr. Johnson, who had represented them in the attachment litigation, testified that the appellants' agent had several times stated to him that the appellants were willing to pay the amount of the appraised value of the goods without interest, but never had made any tender or said anything about tender.

The trial court found the value of the goods to be $3474.50—the appraised value—and that no legal tender was ever made by the appellants. There being conflicting evidence on the question, we cannot review the finding of fact by the trial court as to the tender. It follows that the appellants, having made no valid tender, are liable for interest from the date that demand was made upon them for the value of the attached property; that is, from April 4, 1903, the date when this suit was commenced. It is therefore ordered that the judgment rendered by the trial court be reversed and the cause remanded with directions to the circuit court to enter judgment for the respondents for the value of the property attached—$3474.50—with interest at six per cent per annum on that amount from April 4, 1903, until paid, and costs of suit. All concur.