248 S.W.2d 86 (1952)
YELTON
v.
BECKER et al.
No. 27968.
St. Louis Court of Appeals. Missouri.
April 15, 1952.
*87 Walter A. Kelly, Wm. H. Corcoran, Jr., St. Louis, for appellant Becker.
*88 Preston Quick, St. Louis, for respondent.
HOUSER, Commissioner.
This is an appeal from a judgment of the circuit court awarding Fred Yelton $29 actual and $500 punitive damages in a suit against Aloysius D. Becker and P. J. Fitzgerald, justice of the peace and constable, respectively, in the First District, City of St. Louis. This suit is based upon the wrongful and malicious issuance of a writ of attachment and in refusing to accept a good and sufficient forthcoming bond.
In April, 1942 Grace Reim brought an attachment suit against Fred Yelton in the justice of the peace court presided over by appellant Aloysius D. Becker. She filed the statutory attachment affidavit and tendered a paper writing entitled "Bond in Attachment Suit." This paper was a regular form of attachment bond, but it was not signed by Grace Reim, plaintiff in the attachment suit. Instead it was signed by her surety, one E. F. May, who "as principal" acknowledged himself indebted to the State of Missouri in the sum of $1,000, upon condition that Grace Reim should prosecute her attachment action without delay, etc. An "examination of surety" blank, signed by E. F. May, revealed that he was a married man who owned $1,000 worth of personal property and an interest in certain real estate worth from $10,000 to $15,000 subject to a deed of trust for $6,000, and that the title to said real estate was recorded in the name of "Edward R. and Walter C. May." When this bond was offered Fred Yelton's attorney explained to the justice of the peace that the bond was illegal "because the man and wife hadn't signed it." The justice of the peace nevertheless issued the attachment writ and the constable levied upon and impounded Yelton's automobile. Thereupon Yelton and his surety executed and Yelton presented to the justice of the peace and constable a forthcoming bond in proper form supported by an examination showing that his surety was qualified. The justice of the peace and constable refused the forthcoming bond and as a result Yelton's car was kept in storage for 2 months, to his actual damage in the sum of $29. On May 29, 1944 Fred Yelton brought the present action in the Circuit Court of the City of St. Louis against the justice of the peace, Aloysius D. Becker, and one P. J. Fitzgerald, the constable of his court, alleging that defendants, actuated by malice, spite and ill will and in collusion with Grace Reim to illegally deprive him of his property, issued the attachment in question "without said defendant's requiring the statutory bond from plaintiff in said suit, and in said defendant's accepting one surety on said bond whose property was real estate owned by himself and his wife without his wife's signature to said bond, and that said defendant Fitzgerald did execute said attachment under said bond, both defendants having been previously advised by the plaintiff herein, through his attorney, that said bond was not sufficient legal bond for want of proper surety, but that said defendants defiantly proceeded with said attachment suit and did levy on this plaintiff's automobile, impounding said automobile for several months, and did refuse to accept a forthcoming bond with sufficient solvent sureties from this plaintiff * *." The cause, filed in May, 1944, survived attack by way of demurrer and "different motions", pended on the docket for 5½ years and more, ripened into a default judgment at one time (later set aside), proceeded to the dismissal docket twice, and finally came on for trial as a default matter on December 21, 1949. After hearing the evidence the circuit court found for plaintiff and against both defendants. His motion to set aside the judgment having been overruled, defendant Aloysius D. Becker perfected this appeal. The defendant Fitzgerald did not appeal.
Appellant Becker claims that the petition fails to state facts sufficient to constitute a cause of action against him for the reason that the acts complained of were judicial in character; that he is not liable for damages for any error of judgment he may have committed; that if the attachment bond was not good as a statutory bond it was good as a common law bond and was a sufficient basis for the issuance of the writ of attachment; that plaintiff's remedy was a suit on the attachment bond; that the refusing of the forthcoming bond was likewise *89 a judicial act; and that there was no evidence to support the allegation that appellant was actuated by malice.
Respondent asserts that appellant improperly issued the writ of attachment without a sufficient attachment bond, as required by statute; that the bond was insufficient because the surety's wife did not join with him in signing the bond, their real estate being held as tenants by the entirety; that the acceptance by a justice of the peace of a bond prescribed by statute is a ministerial, not a judicial, act; that in refusing the forthcoming bond appellant violated RSMo 1939, § 1461, V.A.M.S. § 521.260; that the facts show malice in fact and in law, and even in the absence of malice a justice of the peace is liable for damages for non-compliance with statutory requirements.
A justice of the peace when acting judicially, and within the sphere of his jurisdiction, is not liable in a civil action for any error he may commit, even though he acts from impure and corrupt motives. Stone v. Graves, 8 Mo. 148; Lenox v. Grant, 8 Mo. 254; Pike v. Megoun, 44 Mo. 491; 51 C.J.S., Justices of the Peace, § 19, p. 36; 31 Am.Jur. § 21, p. 718. This immunity, which is granted in order to maintain the dignity and independence of the judiciary, does not extend to ministerial acts, in the performance of which a justice of the peace is responsible for error and misconduct in like manner and to the same extent as all other ministerial officers. Stone v. Graves, supra; 51 C.J.S. § 20, Justices of the Peace, p. 38; 31 Am.Jur. § 28, p. 722. To render a ministerial officer liable "it must be shown that his decisions were not merely erroneous, but that he acted from a spirit of willfulness, corruption, and malice; in other words, that his action was knowingly wrongful, and not according to his honest convictions in respect of his duty." Pike v. Megoun, supra.
Duties of a judicial nature are those duties which admit of the exercise of legal discretion, require the decision of questions of law or "the due execution of which depends upon his own judgment." Pike v. Megoun, supra; 51 C.J.S., Justices of the Peace, § 19, p. 37. Ministerial duties are those duties of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed. State ex rel. North & South R. Co. v. Meier, 143 Mo. 439, 45 S.W. 306.
The first question is whether appellant, in issuing the attachment writ, acted in a judicial or ministerial capacity. Our Supreme Court in Wertheimer v. Howard, 30 Mo. 420, laid down the very general doctrine that all of the acts of a justice of the peace which the law requires him to perform "from the beginning to the end of a suit" are judicial. In that case the issuance of an execution was held to be a judicial act. We followed that ruling in Ostmann v. Frey, 148 Mo.App. 271, loc. cit. 280, 128 S.W. 253. Our courts have also held that the issuance of a warrant for arrest[1]; the granting of appeals[2]; the qualification of bondsmen on appeal and the approval of such bond[3]; and the fixing of the penalty of an appeal bond[4] are judicial and not ministerial acts.
Certainly if the issuance of an execution is a judicial act, the issuance of an attachment writ is of a judicial character. Mo. R.S.A. § 2815, RSMo 1939, § 2815, provides that "Before any attachment shall be issued by a justice of the peace, the sufficiency of the penalty and the security in the bond shall be approved by him * * *." This requirement calls upon a justice of the peace to exercise his discretion and judgment. His act in issuing an attachment bespeaks the fact that he has passed upon the sufficiency of the penalty and has approved the security in the bond. This is a judicial act for which a justice *90 of the peace may not be held accountable to an aggrieved party in a civil action.
The second question arose on the respondent's complaint that appellant refused to accept a forthcoming bond, but we know of no duty imposed on a justice of the peace to "accept" a forthcoming bond, and he breaches no duty by "refusing to accept" such bond. The applicable statute, Mo.R.S.A. § 1461, RSMo 1939, § 1461, provides that when the defendant's property is attached he "may retain or regain the possession thereof at any time before final judgment or sale of such property under the order of court, by giving bond and security to the satisfaction of the officer executing the writ, or other proper officer, to the sheriff, his successor or their assigns, in double the value of the property attached, conditioned that the same shall be forthcoming when and where the court shall direct, and shall abide the judgment of the court." It is the officer "executing the writ, or other proper officer" who must be satisfied with the bond and security offered by the defendant. The effect of taking the forthcoming bond is to release the officer executing the writ from the care and custody of the property attached and to give the possession of the same to the parties executing the forthcoming bond. The property is then held by them during the litigation, subject to the orders of the court in which the attachment suit is pending. Jones v. Jones, 38 Mo. 429; McDonald v. Loewen, 145 Mo. App. 49, 130 S.W. 52. The forthcoming bond insures the safekeeping and faithful return of the property attached, and substitutes the responsibility of the obligors in that respect for that of the officer executing the writ. The security of the bond is the officer's concern, not the justice's. It is the officer who is liable to return all bonds taken by him in virtue of the writ, Mo.R.S.A. § 1462, RSMo 1939, § 1462, V.A.M.S. § 521.180, and it is the officer who is liable to be ruled to give a good and sufficient bond or in default thereof to be held as security upon failure to return a good and sufficient bond. Mo.R.S.A. § 1463, RSMo 1939 § 1463 V.A.M.S. § 521.190. It is therefore the officer executing the writ "or other proper officer" who takes or accepts the forthcoming bond and passes on its sufficiency and not the justice of the peace. "Other proper officer" as used in the statute does not refer to the justice of the peace. It refers to any other officer who may be responsible for the custody and care of the attached property. Since there was no duty resting upon the justice of the peace to take or accept the forthcoming bond his failure or refusal to do so could not in any event give rise to liability.
If the complaint is that appellant failed to make an order releasing the property attached and directing when and where it should be delivered, no recovery may be had because (1) no facts were pleaded or proved which established respondent's right to such an order and (2) the propriety of making such an order would require the exercise of judgment and legal discretion (a judicial act, for which a justice of the peace is not civilly responsible).
Respondent cites Cox v. Perkins, 299 Ky. 470, 185 S.W.2d 954, 173 A.L.R. 797, and 31 Am.Jur. § 20 as authority for the proposition that a justice of the peace is civilly liable when, acting without jurisdiction, he issues an attachment. Cox v. Perkins, supra, was decided under a Kentucky statute which voids the judgments of a justice of the peace rendered outside the territorial limits of his district.
Obviously we do not have a comparable situation in the case at bar. There is no question that appellant was acting within his territorial jurisdiction, which was coextensive with the City of St. Louis.
For the reasons given the judgment of the circuit court should be reversed as to the defendant Aloysius D. Becker, and the Commissioner so recommends.
PER CURIAM.
The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.
The judgment of the circuit court is, accordingly, reversed as to the defendant Aloysius D. Becker.
BENNICK, P. J., and ANDERSON and RUDDY, JJ., concur.
NOTES
[1] Lenox v. Grant, supra.
[2] Chicago, R. I. & P. R. Co. v. Franks, 55 Mo. 325.
[3] Baker v. Tener, Mo.App., 112 S.W.2d 351.
[4] State ex rel. Millett v. Field, 37 Mo. App. 83, loc. cit. 100.