Dear Mr. Koupal:
This opinion is in response to your question asking:
 Is the issuance of a Chapter 367 consumer loan license a ministerial act by the Commissioner of Finance upon receipt of required materials, including an audit, or must/may the Commissioner refuse such a license where the audit reflects insolvency?
Specifically, you ask our opinion in respect to the powers and duties of the Director of Finance as they relate to licensing of small loan companies. In your opinion request, you state:
 The Missouri Division of Finance is an agency within the Department of Economic Development and as Director of that Department, I request an opinion concerning the responsibilities of the Commissioner of Finance concerning the licensing provisions of Chapter 367.
 Section 367.140 reads, in pertinent part: [Section 367.140 is quoted hereinafter.]
 This language suggests that the issuance of a license is ministerial. However, Sections 367.205 through 367.215, added to the law in 1972, impose a requirement that a certified audit also be supplied by the lender to complete the application process. There is no mention of evaluation of the audit whereunder the Commissioner would insist that the audit reflect solvency before issuing the license. This gives rise to my question.
Section 367.140, RSMo 1986, to which you refer, provides:
 367.140. Annual registration — fee, amount — certificates, issuance, display. — 1. Every lender shall, at the time of filing application for certificate of registration as provided in section 367.120 hereof, pay the sum of three hundred dollars as an annual registration fee for the period ending the thirtieth day of June next following the date of payment and in full payment of all expenses for investigations, examinations and for the administration of sections 367.100 to 367.200, except as provided in section 367.160, and thereafter a like fee shall be paid on or before June thirtieth of each year; provided, that if a lender is supervised by the commissioner of finance under any other law, the charges for examination and supervision required to be paid under said law shall be in lieu of the annual fee for registration and examination required under this section. The fee shall be made payable to the director of revenue. If the initial registration fee for any certificate of registration is for a period of less than twelve months, the registration fee shall be prorated according to the number of months that said period shall run.
 2. Upon receipt of such fee and application for registration, and provided the bond, if required by the director, has been filed, the director shall issue to the lender a certificate containing the lender's name and address and reciting that such lender is duly and properly registered to conduct the supervised business. The lender shall keep this certificate of registration posted in a conspicuous place at the place of business recited in the registration certificate. Where the lender engages in the supervised business at or from more than one office or place of business, such lender shall obtain a separate certificate of registration for each such office or place of business.
 3. Certificates of registration shall not be assignable or transferable except that the lender named in any such certificate may obtain a change of address of the place of business therein set forth. Each certificate of registration shall remain in full force and effect until surrendered, revoked, or suspended as herein provided. (Emphasis added.)
Sections 367.205 through 367.215, RSMo 1986, to which you refer, provide:
 367.205. Annual audit by certified public accountant required. — All persons and entities licensed under the provisions of sections 367.100 to 367.200 shall cause an audit to be made once each year by a certified public accountant firm, of which at least one partner is the holder of a Missouri certified public accountant license. In the event that entities licensed under the provisions of sections 367.100 to 367.200 are affiliated with entities which engage in other than such licensed activities in this state or elsewhere, an audit of the financial statements which consolidate the financial statements of the licensee, made according to generally accepted auditing standards, will be sufficient for the purpose of sections 367.205 to 367.215.
 367.210. Audit report to director of finance, when. — A copy of the report of the audit required by section 367.205 shall be delivered to the director of finance of the state of Missouri at least thirty days prior to the license renewal date.
 367.215. Failure to file audit report, effect of. — The director of finance shall not issue a renewal license to any person or entity licensed under the provisions of sections 367.100 to 367.200 unless the audit report is furnished as required by section 367.210.
The term "ministerial duties" was defined in the Missouri case of Yelton v. Becker, 248 S.W.2d 86, 89 (Mo.App. 1952), as follows:
 Ministerial duties are those duties of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed.
In State ex rel. McTague v. McClellan, 532 S.W.2d 870, 872
(Mo.App. 1976), the court stated that "the use of the word `shall' in a statutory provision generally indicates a mandate" and the court held that the detailed procedures set forth in the statute being considered in that case were ministerial. Section367.140 requires that the Director "shall" issue the certificate of registration upon compliance by the applicant with the statutory conditions. This statute does not grant the Director any discretion in refusing to issue the certificate when the applicant has complied with the statutory conditions. Neither do Sections 367.205 through 367.215 provide any authority for the Director to refuse to issue the certificate even if the required audit indicates insolvency. Therefore, the Director is required to issue the certificate and does not have discretion to refuse because the audit indicates insolvency.
CONCLUSION
It is the opinion of this office that Section 367.140, RSMo 1986 requires the Director of Finance to issue a certificate of registration to an applicant when the applicant has complied with the statutory conditions.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General